

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**March 27, 2023 14:55**

By: BRIAN BARDWELL 0098423

Confirmation Nbr. 2812867

| | |
|---|---|
| MARCELLUS GILREATH | CV 23 977128 |
| vs. | |
| PAMELA MCGUINEA, ET AL | **Judge:** CASSANDRA COLLIER-WILLIAMS |

**Pages Filed:** 9

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **MARCELLUS GILREATH**<br>c/o Speech Law LLC<br>1265 West Sixth Street, Suite 400<br>Cleveland, OH 44113<br>　　　　　*Plaintiff,*<br>v.<br>**PAMELA MCGUINEA**<br>1641 Payne Avenue<br>Cleveland OH 44114<br>　　　　　and<br>**CUYAHOGA COUNTY**<br>1200 Ontario Street, 9th Floor<br>Cleveland, Ohio 44113<br>　　　　　*Defendants.* | Case No.: |
| **COMPLAINT (JURY DEMAND ENDORSED HEREON)** ||

This is an action to vindicate the violation of Dr. Marcellus Gilreath's civil rights arising from a malicious prosecution resulting in his wrongful conviction.

### PARTIES

1. Dr. Marcellus Gilreath is a disabled veteran, a former captain in the U.S. Army Medical Corps, and a resident of the State of Ohio.

2. Defendant Pamela McGuinea is a public official and investigator for Cuyahoga Job and Family Services.

3. Defendant Cuyahoga County is a political subdivision of the State of Ohio.

### JURISDICTION & VENUE

4. This Court has jurisdiction under Article IV, Section 2 of the Ohio Constitution.

5. The Court has personal jurisdiction over Defendants, who are located, work, or reside in Cuyahoga County.

6. Venue is proper because the events giving rise to Dr. Gilreath's claims took place in Cuyahoga County.

## FACTS

7. Dr. Gilreath was a doctor in the United States Army Medical Corps.

8. As a result of service-connected disabilities, Dr. Gilreath collects benefits from both the United States Veterans Administration and Cuyahoga Job and Family Services.

9. In August 2011, the United States Veterans Administration approved an increase in Dr. Gilreath's benefits.

10. By rule, the increase in Dr. Gilreath's VA benefits triggered a decrease in the benefits to which Dr. Gilreath was entitled from Cuyahoga Job and Family Services.

11. Because he believed the County was aware of the change in his VA benefits, Dr. Gilreath continued to accept the benefits Cuyahoga Job and Family Services extended to him.

12. Some time after the change in VA benefits, Defendant McGuinea, an investigator for Cuyahoga Job and Family Services, told law-enforcement officials that her office had never been alerted to the change in Dr. Gilreath's VA benefits and that it had therefore paid him approximately $6,000 in benefits to which he was not entitled.

13. Based on Defendant McGuinea's report, the Office of the Cuyahoga County Prosecutor obtained an indictment against Dr. Gilreath.

14. Cuyahoga County prosecutors typically pursue misdemeanor charges for theft of benefits at such low dollar amounts.

15. But in Dr. Gilreath's case, they sought and obtained an indictment on felony charges of grand theft and illegal use of food stamps, and they refused to reduce the charges to a misdemeanor in exchange for a guilty plea.

16. Instead, prosecutors insisted that Dr. Gilreath enter a guilty plea to a felony count of attempted grand theft or stand trial on the original charges.

17. Dr. Gilreath did not know how or why Cuyahoga Job and Family Services was unaware that the VA had increased his benefits.

18. After consulting with his defense counsel, Dr. Gilreath believed he had failed to properly alert the County to the change and that his best option was to accept the prosecutors' offer.

19. Dr. Gilreath did not know that in truth, Defendant McGuinea had known about the change in his VA benefits almost immediately after it was approved.

20. Dr. Gilreath did not know that in truth, the County was in possession of paperwork proving that it was timely notified of that change in his VA benefits.

21. Dr. Gilreath did not know that in truth, the County had relied on that document to fully and properly adjust his benefits.

22. Dr. Gilreath did not know that in truth, he had therefore never actually received any benefits to which he was not entitled.

23. Dr. Gilreath did not know these facts because the County never produced that document to him in the course of prosecuting him.

24. The County had a duty to produce that document under *Brady v. Maryland*, 373 U.S. 83 (1963).

25. Dr. Gilreath would not have pleaded guilty if he had known the County was in possession of a document proving his innocence.

26. Without the benefit of that document, Dr. Gilreath accepted the plea bargain, which he saw as his least-worst option.

27. The court convicted Dr. Gilreath, placed him on probation and ordered him to repay $5,711 in restitution for the allegedly stolen funds.

28. Dr. Gilreath made that payment on January 29, 2013.

**Prosecutor Michael O'Malley admits Dr. Gilreath was wrongly convicted.**

29. On January 27, 2021, the Prosecutor's Office sent Dr. Gilreath a letter informing him that its Conviction Integrity Unit had reviewed his conviction.

30. The Prosecutor's Office had learned that contrary to Defendant McGuinea's report, the County had known about the change in Dr. Gilreath's VA benefits all along and correctly adjusted for it upon learning of it.

31. Jamie Gregorski, an investigator for Cuyahoga Job and Family Services, determined that the 2012 charges against Dr. Gilreath were "unfounded" and should never have been referred to the Prosecutor's Office in the first place.

32. On February 8, 2021, Prosecutor O'Malley moved to vacate Dr. Gilreath's conviction.

33. The court granted that motion on March 25, 2021.

**Dr. Gilreath suffered injuries as a result of Defendants' misconduct.**

34. Because of Defendants' conduct, Dr. Gilreath suffered damages. For example:

    a. Dr. Gilreath was forced to pay restitution that he never owed.

    b. Dr. Gilreath was unable to find work because of his conviction.

    c. Dr. Gilreath was barred from participating in the food-stamp program.

    d.    Dr. Gilreath suffered reputational injury, humiliation, mental anguish and other emotional damages.

35. As a direct and proximate result of Defendants' actions, Dr. Gilreath has suffered and continues to suffer economic and non-economic damages for which Defendants are liable.

36. Defendants' acts were willful, egregious, malicious, and worthy of substantial sanction to punish and deter them and others from engaging in this type of unlawful conduct.

**Dr. Gilreath's injuries were the result of governmental policy.**

37. Dr. Gilreath's prosecution was not merely the result of a single employee gone rogue. Rather, it was the result of County policies or customs made by employees whose edicts or acts represent official policy.

38. Dr. Gilreath's referral for prosecution was approved not only by Defendant McGuinea but by management at Cuyahoga Job and Family Services, which constituted a ratification of that referral.

39. Likewise, the decision to charge Dr. Gilreath was the result of the County's deliberate indifference to his rights and its failure to adequately train and supervise its employees on the protection of those rights.

### CLAIM 1
### CIVIL ACTION FOR DEPRIVATION OF RIGHTS: 42 U.S.C. § 1983
### MALICIOUS PROSECUTION

40. Plaintiff re-incorporates all the preceding allegations.

41. Defendants initiated a criminal prosecution against Dr. Gilreath.

42. Defendants made, influenced, or participated in the decision to prosecute Dr. Gilreath.

43. There was a lack of probable cause for the criminal prosecution.

44. As a consequence of the legal proceeding, Dr. Gilreath suffered a deprivation of liberty.

45. The criminal proceeding was resolved in Dr. Gilreath's favor when the court vacated his conviction.

### Claim 2
### Civil action for deprivation of rights: 42 U.S.C. § 1983
### Abuse of Process

46. Plaintiff re-incorporates all the preceding allegations.

47. In the alternative, Defendants set a legal proceeding in motion with probable cause by initiating criminal charges against Dr. Gilreath.

48. Defendants perverted that proceeding to accomplish an ulterior purpose for which the proceeding was not designed—including but not limited to the purpose to harass and oppress Dr. Gilreath.

### Claim 3
### Civil action for deprivation of rights: 42 U.S.C. § 1983
### *Brady* Violation

49. Plaintiff re-incorporates all the preceding allegations.

50. Defendants were in possession of exculpatory evidence in Dr. Gilreath's criminal prosecution.

51. Defendants suppressed that evidence.

52. Had that evidence been disclosed to the defense, there is a reasonable probability that the result of the proceeding would have been different.

### Claim 4
### Intimidation (Ohio Rev. Code § 2921.03)

53. Plaintiff re-incorporates all the preceding allegations.

54. Under Ohio Rev. Code § 2921.03, "[n]o person, knowingly and by force, by unlawful threat of harm to any person or property, or by filing, recording, or otherwise using a materially false or fraudulent writing with malicious purpose, in bad faith, or in a wanton or reckless manner, shall attempt to influence, intimidate, or hinder a public servant, a

party official, or an attorney or witness involved in a civil action or proceeding in the discharge of the person's the duties of the public servant, party official, attorney, or witness."

55. Defendant McGuinea knowingly used a materially false or fraudulent writing with malice, bad faith, wantonness, or recklessness, in an attempt to influence the public servants in the prosecutor's office, court, and grand jury in the discharge of their duties.

## CLAIM 5
## FALSIFICTION

56. Plaintiff re-incorporates all the preceding allegations.

57. Under Ohio Rev. Code § 2921.13, "[n]o person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made … in any official proceeding [or] with purpose to mislead a public official in performing the public official's official function."

58. Defendant McGuinea knowingly made false statements to prosecutors and a grand jury during an official proceeding with purpose to mislead them in performing their official functions.

## CLAIM 6
## INTERFERENCE WITH CIVIL RIGHTS

59. Plaintiff re-incorporates all the preceding allegations.

60. Under Ohio Rev. Code § 2921.45, "[n]o public servant, under color of the public servant's office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right."

61. Dr. Gilreath had a constitutional right to due process and a fair trial.

62. In particular, Dr. Gilreath had a right to receive any exculpatory information in the possession of the state to ensure his guilty plea was made knowingly, intelligently, and voluntarily.

63. Defendants violated those rights by filing a false report of theft, by falsifying evidence related to that report, and by withholding exculpatory evidence related to that report.

### Prayer for Relief

Dr. Gilreath therefore respectfully requests the following relief:

A. Enter judgment in Plaintiff's favor on all claims for relief;

B. Declare that Defendants' acts and conduct constitute violations of the United States and Ohio Constitutions, and of Ohio Rev. Code §§ 2921.03, 2921.13, and 2921.45.

C. Award injunctive relief barring further violations of Dr. Gilreath's rights;

D. Declare that Defendants are liable for damages on all claims brought against them;

E. Award full compensatory damages of more than $25,000, including, but not limited to, damages for pain and suffering, mental anguish, and emotional distress that Plaintiffs have suffered and are reasonably certain to suffer in the future;

F. Award punitive and exemplary damages for Defendants' egregious, willful, and malicious conduct;

G. Award pre- and post-judgment interest at the highest lawful rate;

H. Award reasonable attorneys' fees and all other available costs of suit; and

I. Award all other relief in law or equity that the Court deems equitable, just, and proper.

### Jury Demand

Dr. Gilreath demands a trial by jury on all issues within this complaint.

Respectfully submitted,

/s/Brian D. Bardwell
Brian D. Bardwell (0098423)
Speech Law, LLC
1265 West Sixth Street, Suite 400
Cleveland, OH 44113-1326
216-912-2195 Phone/Fax
brian.bardwell@speech.law
*Attorney for Plaintiff Marcellus Gilreath*