Motion No. 5079258



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**MOTION TO...**
March 27, 2023 19:28

By: BRIAN BARDWELL 0098423

Confirmation Nbr. 2813252

| | |
|---|---|
| MARCELLUS GILREATH | CV 23 977128 |
| vs. | |
| PAMELA MCGUINEA, ET AL | Judge: CASSANDRA COLLIER-WILLIAMS |

**Pages Filed:** 8

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **MARCELLUS GILREATH**<br>*Plaintiff,*<br>v.<br>**PAMELA MCGUINEA**, *et al.*<br>*Defendants.* | Case No.: CV-23-977128<br><br>Judge Cassandra Collier-Williams |
| **PLAINTIFF MARCELLUS GILREATH'S MOTION<br>FOR ORDER CORRECTING DOCKET ENTRY** ||

Plaintiff Marcellus Gilreath respectfully moves the Court for an order correcting the docket to reflect that the Complaint was filed with the Cuyahoga County Clerk of Courts on March 24, 2023.

## FACTS

Plaintiff Marcellus Gilreath is a disabled former doctor in the U.S. Army Medical Corps who was wrongly convicted of attempted grand theft because he lawfully applied for and obtained food stamps. Years after his conviction, prosecutors admitted their error and had his conviction vacated.

Dr. Gilreath filed a malicious-prosecution complaint on March 24, 2023, using the Cuyahoga County Clerk of Courts' e-filing system. The morning of March 27, 2023, the e-filing system rejected his filing because he had not submitted an affidavit of poverty. But although Dr. Gilreath was eligible for a court-appointed attorney in his criminal case years ago, he did not need or want a fee waiver for his filing in this case. Counsel for Dr. Gilreath met with the deputy clerks on the e-filing desk the next business day to determine what had happened, and they were able to process the filing again on the spot.

However, the clerk's office said that technical limitations in its e-filing system made it impossible for them to apply the correct timestamp to the complaint, which now shows that it was filed on March 27, 2023.

## LAW & ARGUMENT

**I.    Because the Clerk's office erroneously rejected Dr. Gilreath's complaint, the Court should deem it filed as of the date it arrived in the Clerk's office.**

When technical problems delay the docketing of an electronically filed pleading, the court may enter an order deeming the pleading filed as of the date it was electronically submitted. Loc.R. 39.0(H)(1)–(2). This authority includes the authority to correct the docket to reflect the actual filing date of a complaint, as "[i]t is always preferred that cases be decided on their merits rather than on technicalities." *Covarrubias v. Lowe's Home Improvement*, L.L.C. 172 N.E.3d 516, ¶ 32 (8th Dist. 2021).

For instance, in *Covarrubias*, the Plaintiff filed a complaint in a personal-injury suit on the evening of the last day before reaching his statute of limitations, but the clerk of courts—for reasons unknown—initially failed to process it or timestamp it until the next business day. Although the Plaintiff moved to correct the docket to reflect that the Complaint was filed the day prior, the Court dismissed the case on statute-of-limitations grounds, holding that Loc.R. 39.0(H)(3)(a) prohibited it from correcting the filing date to meet a "jurisdictional deadline." The Eighth District reversed, holding that because statutes of limitations are affirmative defenses—not jurisdictional requirements—the trial court was required to correct the docket.

Given the mandate to use an e-filing system where everyone conceded "glitches have occurred," the Eighth District said the trial court could not penalize a party who fell victim to one of those glitches:

> Whether or not it was accepted by the clerk was entirely out of appellant's
> counsel's hands, and there is no assertion that there was any reason the complaint

would not have been accepted. Given that appellant's counsel had uploaded the complaint, selected the credit card to pay the filing fee, and hit "submit" prior to 5:00 p.m., which was well within the electronic filing deadline of 11:59 p.m., it was reasonable for him to assume that the filing was in the queue to be processed and that he would receive confirmation of the filing the next day.[1]

The same is true here. As laid out in Exhibit A, counsel for Dr. Gilreath signed into the clerk's e-filing portal at 9:11 p.m., entered the required information, uploaded the complaint, and hit "submit" at 9:16 p.m. At no point did the system request or require that he submit a poverty affidavit; on the contrary, it required that he enter his credit-card information, just as it has in every other case where he has not sought a fee waiver. Because the complaint was filed before 11:59 p.m. but after hours, the system did not send out a notification that the filing had been accepted or rejected. Still, an error in the system triggered a rejection of the complaint for failing to attach a fee waiver that the system never requested nor required. As required by rule, counsel for Dr. Gilreath therefore ensured that the complaint was refiled the next business day. He spoke with multiple deputy clerks to sort out the error, and after they pushed the filing through the system again, they were able to resolve the error without any further effort. Because the complaint was already in the clerk's system, Dr. Gilreath's counsel was not required to upload it again, and there were therefore no changes to it whatsoever.

## Conclusion

"Cases should be decided on their merits, rather than upon procedural niceties and technicalities." *Perotti v. Ferguson*, 7 Ohio St. 3d 1, 4, (1983) (Brown, J., concurring). To achieve that end here, Loc.R. 39.0 permits the Court to correct the docket as necessary to account for e-filing "glitches." Because doing so will permit an adjudication on the merits and would not

---

[1] *Covarrubias*, ¶ 27.

unfairly prejudice any party, the Court should enter an order correcting the docket to reflect that Dr. Gilreath filed his complaint at 9:16 p.m. on March 24, 2023.

        Respectfully submitted,

        */s/Brian D. Bardwell*
        Speech Law LLC
        Brian D. Bardwell (0098423)
        1265 West Sixth Street, Suite 400
        Cleveland, OH 44113-1326
        216-912-2195 Phone/Fax
        brian.bardwell@speech.law
        *Attorney for Plaintiff Marcellus Gilreath*

### CERTIFICATE OF SERVICE

I certify that on March 27, 2023, this document was served on opposing counsel as provided by Civ. R. 5(B)(2)(c).

        */s/Brian D. Bardwell*
        Brian D. Bardwell (0098423)
        *Attorney for Plaintiff Marcellus Gilreath*

### Affidavit of Brian D. Bardwell

I, Brian D. Bardwell, having been duly sworn, state as follows:

1. I am over the age of 18 and competent to testify to the facts below based on personal knowledge.

2. I am counsel to Plaintiff Marcellus Gilreath.

3. On March 24, 2023 at 9:11 p.m., I signed in to the Cuyahoga County Clerk of Courts's e-file system.

4. Once in that system, I opened up a file for Dr. Gilreath. I entered the names and addresses of the parties, I uploaded a PDF of the Dr. Gilreath's complaint, and I entered my credit-card information to pay any fees associated with opening the case.

5. After doing that, I hit the "Submit E-File For Approval" button at 9:16 p.m.

6. The e-file system then gave me the following "Filing Confirmation," saying that my "filing has been submitted":

**FILING CONFIRMATION**

Your filing has been submitted. Below is a summary of this transaction you may [Print] or copy for your records.

| | |
|---:|:---|
| Efile ID: | 2811695 |
| Date/Time Submitted: | 3/24/2023 9:16:39 PM |
| Court: | CIVIL |
| Type of Filing: | TORT-MISCELLANEOUS |
| Filing Attorney: | BARDWELL/BRIAN/ |
| Plaintiff Title: | Marcellus Gilreath |
| Defendant Title: | Pamela McGuinea |
| Number Foreign: | 0 |
| Public Notice: | N |
| Poverty Affidavit: | Y |
| Refiled/Transferred Case: | N |
| Prayer Amount: | 0 |
| Jury Demand: | Y |

IF THE DOCUMENT(S) IS ACCEPTED FOR FILING, THE DATE AND TIME REFLECTED ABOVE SHALL SERVE AS THE DATE AND TIME OF FILING, UNLESS THE DOCUMENT(S) WAS SUBMITTED FOR FILING AFTER 11:59 P.M. ON A FRIDAY OR AFTER 11:59 P.M. ON A BUSINESS DAY BEFORE A COURT HOLIDAY. IN THAT CASE, THE DOCUMENT WILL BE DEEMED FILED ON THE FOLLOWING COURT BUSINESS DAY.

7. At no point did the system ever request or require that I file a poverty affidavit for Dr. Gilreath.

8. The next business day, I saw that the clerk's office had not timestamped my filing. Until then, I had had no indication that there were any issues with the filing.

9. I went to the clerk's office to sort out the issue and ensure that the Complaint was properly filed.

**PLAINTIFF'S EXHIBIT A**

10. A deputy clerk told me she had rejected the filing because there was no poverty affidavit attached.

11. I explained that Dr. Gilreath because was not seeking a fee waiver.

12. The deputy indicated that her system showed that Dr. Gilreath was going to file a poverty affidavit.

13. When I explained that Dr. Gilreath would not be filing a poverty affidavit because he was not seeking a fee waiver, the deputy told me to resubmit the filing, but she said the e-filing system's technical limitations would not permit her to timestamp the complaint with the date when it was actually filed now that she had rejected it. The deputy indicated that such a correction could only happen by motion to the Court.

14. While at the clerk's office, I attempted to resubmit the filing. When I did, I saw that the system's "Poverty Affidavit" option was switched to "Yes." I switched it back to "No" and resubmitted the filing.

15. When the deputy opened the filing on her computer, the system inexplicably showed that "Poverty Affidavit" was nonetheless still switched to "Yes." Because there was no poverty affidavit attached, the deputy rejected the filing again.

16. The deputy again walked me through the process. Again, we switched the "Poverty Affidavit" option to "No." This time, the system recognized that no poverty affidavit was requested.

17. The deputy was finally able to push the filing through the system.

18. At no point during this process did I make any changes to the information about the case that I entered into the system. When the system finally recognized that Dr. Gilreath was not requesting a poverty affidavit, it did so without any changes to the other information I had entered about the case, and all that information remained identical across the various attempts at filing the complaint.

19. At no point during this process did I make any changes to the complaint. The clerk's system dowloaded its copy of the complaint on March 24 and retained it. When the system finally recognized that Dr. Gilreath was not requesting a poverty affidavit, it used the same file that had been in its system since March 24, and I was never required to upload it after the first time on March 24.

I declare the preceding facts to be true under penalty of perjury.

                                                                           _____
                                                                           Brian D. Bardwell

| | |
|---|---|
| STATE OF OHIO | ) |
| | ) SS. |
| COUNTY OF CUYAHOGA | ) |

Sworn to and subscribed before me on _____.

                                                      _____
                                                    Notary Public, State of Ohio
                                                  My commission expires: _____

I declare the preceding facts to be true under penalty of perjury.

_____
Brian D. Bardwell

STATE OF OHIO )
) SS.
COUNTY OF CUYAHOGA )

Sworn to and subscribed before me on 3/27/23

_____
ALLISON SAKI
Notary Public, State of Ohio
My commission expires: 6/27/23