

143689635

1:23-cv- 720
Judge Polster

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

MARCELLUS GILREATH
Plaintiff

Case No: CV-23-977128

Judge: CASSANDRA COLLIER-WILLIAMS

PAMELA MCGUINEA, ET AL
Defendant

FILED

APR 14 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

## JOURNAL ENTRY

93 DISP. TRANSCT - FINAL

PURSUANT TO THE NOTICE OF REMOVAL (TITLE 28 U.S. CODE 1441, ET SEQ.) (FILED 04/07/2023), THE CAPTIONED CASE IS TRANSFERRED TO THE UNITED STATES DISTRICT COURT (CASE NO. 1:23-CV-720) AND THIS COURT SHALL PROCEED NO FURTHER UNLESS AND UNTIL THE CASE IS REMANDED.

SO ORDERED.

COURT COST ASSESSED TO THE PLAINTIFF(S).
PURSUANT TO CIV.R. 58(B), THE CLERK OF COURTS IS DIRECTED TO SERVE THIS JUDGMENT IN A MANNER PRESCRIBED BY CIV.R. 5(B). THE CLERK MUST INDICATE ON THE DOCKET THE NAMES AND ADDRESSES OF ALL PARTIES, THE METHOD OF SERVICE, AND THE COSTS ASSOCIATED WITH THIS SERVICE.

_____

Judge Signature                    04/11/2023



I, The Clerk of the Court
SS. Of Common Pleas within
And for said County

Hereby certify that the above and foregoing is truly
Taken and copied from the original
Now on file in my office
Witness my hand and seal of said Court this
Day of _____ A.D. 20__
CUYAHOGA COUNTY CLERK OF COURTS
By _____, Deputy

- 93
04/07/2023

RECEIVED FOR FILING
04/11/2023 15:51:24
NAILAH K. BYRD, CLERK

Page 1 of 1

# CUYAHOGA COUNTY COURT OF COMMON PLEAS

| | | PAGE: 1 |
|---|---|---|
| DATE: 4/13/2023 | APPEARANCE DOCKET | CMSR5143 |
| TIME: 8:13 AM | | |

Case No: CV-23-977128

Filing Date: 03/27/2023

MARCELLUS GILREATH
VS
PAMELA MCGUINEA, ET AL

Filing Cd:1350    TORT-MISCELLANEOUS
Judge:CASSANDRA COLLIER-WILLIAMS
Prior Judge:
Magistrate:
Panel Chair:

Status:1
Jury Req:Y
Class:
Prayer Amt:

[ ] Arbitration

[ ] Mediation

[ ] Settlement

[ X ] Notes

[ ] Appealed

Disposition:                    Date:
NEWLY FILED              03/27/2023
DISP. TRANSCT            04/11/2023

Next Action:
Date/Time:

---------File Location ---------
Name:    JUDGES FILE
Date:    03/29/2023

| P | 1 | GILREATH, MARCELLUS<br>C/O SPEECH LAW LLC<br>1265 WEST SIXTH STREET<br>SUITE 400<br>CLEVELAND, OH 44113<br>Service: | 0098423 | BARDWELL/BRIAN/<br>1265 W. 6TH ST.<br>SUITE 400<br>CLEVELAND, OH 44113-0000 | (216) 578-1700 |
|---|---|---|---|---|---|
| D | 1 | MCGUINEA, PAMELA<br><br>1641 PAYNE AVENUE<br>CLEVELAND, OH 44114 | | | |

Service:   03/30/2023   SUMS COMPLAINT   CERTIFIED MAIL   04/03/2023   COMPLETED

| D | 2 | CUYAHOGA COUNTY<br><br>1200 ONTARIO STREET<br>9TH FLOOR<br>CLEVELAND, OH 44113 | 0082257 | STEWART/MICHAEL/J<br>THE JUSTICE CENTER, COURTS TOWER<br>1200 ONTARIO STREET, 8TH FLOOR<br>CLEVELAND, OH 44113 | |
|---|---|---|---|---|---|

Service:   03/30/2023   SUMS COMPLAINT   CERTIFIED MAIL   03/31/2023   COMPLETED

| Type | - Docket -<br>Code | Party | Date | Description | Cost<br>Amount |
|---|---|---|---|---|---|
| SF | INIT | | 3/27/2023 | CASE FILED: COMPLAINT | |
| SF | LA | P 1 | 3/27/2023 | LEGAL AID | 26.00 |
| SF | LR | P 1 | 3/27/2023 | LEGAL RESEARCH | 3.00 |
| SF | CM | P 1 | 3/27/2023 | COMPUTER FEE | 20.00 |
| SF | 245 | | 3/27/2023 | JUDGE CASSANDRA COLLIER-WILLIAMS ASSIGNED (RANDOM) | |
| SF | CF | P 1 | 3/27/2023 | CLERK'S FEE | 25.00 |
| SF | RECT | P 1 | 3/27/2023 | DEPOSIT AMOUNT PAID BRIAN BARDWELL | 250.00 |
| SF | LN | P 1 | 3/27/2023 | LEGAL NEWS | 10.00 |
| SF | CSPF | P 1 | 3/27/2023 | COURT SPECIAL PROJECTS FUND | 50.00 |

| | | | | | |
|---|---|---|---|---|---|
| DATE: 4/13/2023 | | | | **APPEARANCE  DOCKET** | |
| TIME: 8:13 AM | | | | | |
| CASE: CV-23-977128 | | | | | |

| MO | MOT | P 1 | 3/27/2023 | MOTION FILED FOR P1 MARCELLUS GILREATH BRIAN BARDWELL 0098423 MOTION FOR ORDER CORRECTING DOCKET ENTRY | |
|---|---|---|---|---|---|
| SR | COPY | | 3/28/2023 | SUMMONS E-FILE COPY COST | 1.00 |
| SR | COPY | | 3/28/2023 | SUMMONS E-FILE COPY COST | 1.00 |
| CS | WRIS | D 2 | 3/28/2023 | WRIT FEE | 2.00 |
| CS | WRIS | D 1 | 3/28/2023 | WRIT FEE | 2.00 |
| SR | CRTM | D 2 | 3/29/2023 | SUMS COMPLAINT(50228135) SENT BY CERTIFIED MAIL. TO: CUYAHOGA COUNTY 1200 ONTARIO STREET 9TH FLOOR CLEVELAND, OH 44113 | 7.57 |
| SR | CRTM | D 1 | 3/29/2023 | SUMS COMPLAINT(50228134) SENT BY CERTIFIED MAIL. TO: PAMELA MCGUINEA 1641 PAYNE AVENUE CLEVELAND, OH 44114 | 7.57 |
| SR | UPCP | | 4/05/2023 | USPS RECEIPT NO. 50228135 DELIVERED BY USPS 03/31/2023 CUYAHOGA COUNTY PROCESSED BY COC 04/05/2023. | |
| NT | REMO | D 2 | 4/07/2023 | NOTICE OF REMOVAL FILED NOTICE OF FILING OF NOTICE OF REMOVAL TO FEDERAL COURT | |
| SR | JEAO | P 1 | 4/11/2023 | JUDGMENT ENTRY(50344417) SENT BY EMAIL. TO: BRIAN BARDWELL EFILE@SPEECH.LAW | |
| JE | JE | | 4/11/2023 | PURSUANT TO THE NOTICE OF REMOVAL (TITLE 28 U.S. CODE 1441, ET SEQ.) (FILED 04/07/2023), THE CAPTIONED CASE IS TRANSFERRED TO THE UNITED STATES DISTRICT COURT (CASE NO. 1:23-CV-720) AND THIS COURT SHALL PROCEED NO FURTHER UNLESS AND UNTIL THE CASE IS REMANDED. SO ORDERED. COURT COST ASSESSED TO THE PLAINTIFF(S). PURSUANT TO CIV.R. 58(B), THE CLERK OF COURTS IS DIRECTED TO SERVE THIS JUDGMENT IN A MANNER PRESCRIBED BY CIV.R. 5(B). THE CLERK MUST INDICATE ON THE DOCKET THE NAMES AND ADDRESSES OF ALL PARTIES, THE METHOD OF SERVICE, AND THE COSTS ASSOCIATED WITH THIS SERVICE. NOTICE ISSUED | 8.00 |
| SR | JEAO | D 2 | 4/11/2023 | JUDGMENT ENTRY(50344416) SENT BY EMAIL. TO: MICHAEL J STEWART MJSTEWART@PROSECUTOR.CUYAHOGACOUNTY.US | |
| SR | UPCP | | 4/12/2023 | USPS RECEIPT NO. 50228134 DELIVERED BY USPS 04/03/2023 MCGUINEA/PAMELA/ PROCESSED BY COC 04/12/2023. | |

Case: 1:23-cv-00720-DAP  Doc #: 9  Filed:  04/14/23  4 of 33.  PageID #: 36

DATE:  4/13/2023                                   **APPEARANCE   DOCKET**                          PAGE:  3
TIME:  8:13      AM                                                                                CMSR5143
CASE:  CV-23-977128

---

SR    JEAO   D  1              4/13/2023     JUDGMENT ENTRY(50344418) SENT BY REGULAR MAIL SERVICE.      2.00
                                             TO:
                                             PAMELA MCGUINEA
                                             1641 PAYNE AVENUE
                                             CLEVELAND, OH 44114



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**March 27, 2023 14:55**

By: BRIAN BARDWELL 0098423

Confirmation Nbr. 2812867

MARCELLUS GILREATH

vs.

PAMELA MCGUINEA, ET AL

CV 23 977128

Judge: CASSANDRA COLLIER-WILLIAMS

Pages Filed: 9

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **MARCELLUS GILREATH**<br>c/o Speech Law LLC<br>1265 West Sixth Street, Suite 400<br>Cleveland, OH 44113<br><div align="right">*Plaintiff,*</div><br><div align="center">v.</div><br>**PAMELA MCGUINEA**<br>1641 Payne Avenue<br>Cleveland OH 44114<br><div align="center">*and*</div><br>**CUYAHOGA COUNTY**<br>1200 Ontario Street, 9th Floor<br>Cleveland, Ohio 44113<br><div align="right">*Defendants.*</div> | Case No.: |

| |
|---|
| <div align="center">**COMPLAINT (JURY DEMAND ENDORSED HEREON)**</div> |

This is an action to vindicate the violation of Dr. Marcellus Gilreath's civil rights arising from a malicious prosecution resulting in his wrongful conviction.

### PARTIES

1.    Dr. Marcellus Gilreath is a disabled veteran, a former captain in the U.S. Army Medical Corps, and a resident of the State of Ohio.

2.    Defendant Pamela McGuinea is a public official and investigator for Cuyahoga Job and Family Services.

3.    Defendant Cuyahoga County is a political subdivision of the State of Ohio.

### JURISDICTION & VENUE

4.    This Court has jurisdiction under Article IV, Section 2 of the Ohio Constitution.

5.  The Court has personal jurisdiction over Defendants, who are located, work, or reside in Cuyahoga County.

6.  Venue is proper because the events giving rise to Dr. Gilreath's claims took place in Cuyahoga County.

## FACTS

7.  Dr. Gilreath was a doctor in the United States Army Medical Corps.

8.  As a result of service-connected disabilities, Dr. Gilreath collects benefits from both the United States Veterans Administration and Cuyahoga Job and Family Services.

9.  In August 2011, the United States Veterans Administration approved an increase in Dr. Gilreath's benefits.

10. By rule, the increase in Dr. Gilreath's VA benefits triggered a decrease in the benefits to which Dr. Gilreath was entitled from Cuyahoga Job and Family Services.

11. Because he believed the County was aware of the change in his VA benefits, Dr. Gilreath continued to accept the benefits Cuyahoga Job and Family Services extended to him.

12. Some time after the change in VA benefits, Defendant McGuinea, an investigator for Cuyahoga Job and Family Services, told law-enforcement officials that her office had never been alerted to the change in Dr. Gilreath's VA benefits and that it had therefore paid him approximately $6,000 in benefits to which he was not entitled.

13. Based on Defendant McGuinea's report, the Office of the Cuyahoga County Prosecutor obtained an indictment against Dr. Gilreath.

14. Cuyahoga County prosecutors typically pursue misdemeanor charges for theft of benefits at such low dollar amounts.

15. But in Dr. Gilreath's case, they sought and obtained an indictment on felony charges of grand theft and illegal use of food stamps, and they refused to reduce the charges to a misdemeanor in exchange for a guilty plea.

16. Instead, prosecutors insisted that Dr. Gilreath enter a guilty plea to a felony count of attempted grand theft or stand trial on the original charges.

17. Dr. Gilreath did not know how or why Cuyahoga Job and Family Services was unaware that the VA had increased his benefits.

18. After consulting with his defense counsel, Dr. Gilreath believed he had failed to properly alert the County to the change and that his best option was to accept the prosecutors' offer.

19. Dr. Gilreath did not know that in truth, Defendant McGuinea had known about the change in his VA benefits almost immediately after it was approved.

20. Dr. Gilreath did not know that in truth, the County was in possession of paperwork proving that it was timely notified of that change in his VA benefits.

21. Dr. Gilreath did not know that in truth, the County had relied on that document to fully and properly adjust his benefits.

22. Dr. Gilreath did not know that in truth, he had therefore never actually received any benefits to which he was not entitled.

23. Dr. Gilreath did not know these facts because the County never produced that document to him in the course of prosecuting him.

24. The County had a duty to produce that document under *Brady v. Maryland*, 373 U.S. 83 (1963).

25. Dr. Gilreath would not have pleaded guilty if he had known the County was in possession of a document proving his innocence.

26. Without the benefit of that document, Dr. Gilreath accepted the plea bargain, which he saw as his least-worst option.

27. The court convicted Dr. Gilreath, placed him on probation and ordered him to repay $5,711 in restitution for the allegedly stolen funds.

28. Dr. Gilreath made that payment on January 29, 2013.

**Prosecutor Michael O'Malley admits Dr. Gilreath was wrongly convicted.**

29. On January 27, 2021, the Prosecutor's Office sent Dr. Gilreath a letter informing him that its Conviction Integrity Unit had reviewed his conviction.

30. The Prosecutor's Office had learned that contrary to Defendant McGuinea's report, the County had known about the change in Dr. Gilreath's VA benefits all along and correctly adjusted for it upon learning of it.

31. Jamie Gregorski, an investigator for Cuyahoga Job and Family Services, determined that the 2012 charges against Dr. Gilreath were "unfounded" and should never have been referred to the Prosecutor's Office in the first place.

32. On February 8, 2021, Prosecutor O'Malley moved to vacate Dr. Gilreath's conviction.

33. The court granted that motion on March 25, 2021.

**Dr. Gilreath suffered injuries as a result of Defendants' misconduct.**

34. Because of Defendants' conduct, Dr. Gilreath suffered damages. For example:

   a. Dr. Gilreath was forced to pay restitution that he never owed.

   b. Dr. Gilreath was unable to find work because of his conviction.

   c. Dr. Gilreath was barred from participating in the food-stamp program.

d.       Dr. Gilreath suffered reputational injury, humiliation, mental anguish and other emotional damages.

35.    As a direct and proximate result of Defendants' actions, Dr. Gilreath has suffered and continues to suffer economic and non-economic damages for which Defendants are liable.

36.    Defendants' acts were willful, egregious, malicious, and worthy of substantial sanction to punish and deter them and others from engaging in this type of unlawful conduct.

**Dr. Gilreath's injuries were the result of governmental policy.**

37.    Dr. Gilreath's prosecution was not merely the result of a single employee gone rogue. Rather, it was the result of County policies or customs made by employees whose edicts or acts represent official policy.

38.    Dr. Gilreath's referral for prosecution was approved not only by Defendant McGuinea but by management at Cuyahoga Job and Family Services, which constituted a ratification of that referral.

39.    Likewise, the decision to charge Dr. Gilreath was the result of the County's deliberate indifference to his rights and its failure to adequately train and supervise its employees on the protection of those rights.

## CLAIM 1
### CIVIL ACTION FOR DEPRIVATION OF RIGHTS: 42 U.S.C. § 1983
### MALICIOUS PROSECUTION

40.    Plaintiff re-incorporates all the preceding allegations.

41.    Defendants initiated a criminal prosecution against Dr. Gilreath.

42.    Defendants made, influenced, or participated in the decision to prosecute Dr. Gilreath.

43.    There was a lack of probable cause for the criminal prosecution.

44.    As a consequence of the legal proceeding, Dr. Gilreath suffered a deprivation of liberty.

45. The criminal proceeding was resolved in Dr. Gilreath's favor when the court vacated his conviction.

## CLAIM 2
### CIVIL ACTION FOR DEPRIVATION OF RIGHTS: 42 U.S.C. § 1983
### ABUSE OF PROCESS

46. Plaintiff re-incorporates all the preceding allegations.

47. In the alternative, Defendants set a legal proceeding in motion with probable cause by initiating criminal charges against Dr. Gilreath.

48. Defendants perverted that proceeding to accomplish an ulterior purpose for which the proceeding was not designed—including but not limited to the purpose to harass and oppress Dr. Gilreath.

## CLAIM 3
### CIVIL ACTION FOR DEPRIVATION OF RIGHTS: 42 U.S.C. § 1983
### BRADY VIOLATION

49. Plaintiff re-incorporates all the preceding allegations.

50. Defendants were in possession of exculpatory evidence in Dr. Gilreath's criminal prosecution.

51. Defendants suppressed that evidence.

52. Had that evidence been disclosed to the defense, there is a reasonable probability that the result of the proceeding would have been different.

## CLAIM 4
### INTIMIDATION (OHIO REV. CODE § 2921.03)

53. Plaintiff re-incorporates all the preceding allegations.

54. Under Ohio Rev. Code § 2921.03, "[n]o person, knowingly and by force, by unlawful threat of harm to any person or property, or by filing, recording, or otherwise using a materially false or fraudulent writing with malicious purpose, in bad faith, or in a wanton or reckless manner, shall attempt to influence, intimidate, or hinder a public servant, a

party official, or an attorney or witness involved in a civil action or proceeding in the discharge of the person's the duties of the public servant, party official, attorney, or witness."

55. Defendant McGuinea knowingly used a materially false or fraudulent writing with malice, bad faith, wantonness, or recklessness, in an attempt to influence the public servants in the prosecutor's office, court, and grand jury in the discharge of their duties.

## CLAIM 5
### FALSIFICTION

56. Plaintiff re-incorporates all the preceding allegations.

57. Under Ohio Rev. Code § 2921.13, "[n]o person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made ... in any official proceeding [or] with purpose to mislead a public official in performing the public official's official function."

58. Defendant McGuinea knowingly made false statements to prosecutors and a grand jury during an official proceeding with purpose to mislead them in performing their official functions.

## CLAIM 6
### INTERFERENCE WITH CIVIL RIGHTS

59. Plaintiff re-incorporates all the preceding allegations.

60. Under Ohio Rev. Code § 2921.45, "[n]o public servant, under color of the public servant's office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right."

61. Dr. Gilreath had a constitutional right to due process and a fair trial.

62. In particular, Dr. Gilreath had a right to receive any exculpatory information in the possession of the state to ensure his guilty plea was made knowingly, intelligently, and voluntarily.

63. Defendants violated those rights by filing a false report of theft, by falsifying evidence related to that report, and by withholding exculpatory evidence related to that report.

## PRAYER FOR RELIEF

Dr. Gilreath therefore respectfully requests the following relief:

A. Enter judgment in Plaintiff's favor on all claims for relief;

B. Declare that Defendants' acts and conduct constitute violations of the United States and Ohio Constitutions, and of Ohio Rev. Code §§ 2921.03, 2921.13, and 2921.45.

C. Award injunctive relief barring further violations of Dr. Gilreath's rights;

D. Declare that Defendants are liable for damages on all claims brought against them;

E. Award full compensatory damages of more than $25,000, including, but not limited to, damages for pain and suffering, mental anguish, and emotional distress that Plaintiffs have suffered and are reasonably certain to suffer in the future;

F. Award punitive and exemplary damages for Defendants' egregious, willful, and malicious conduct;

G. Award pre- and post-judgment interest at the highest lawful rate;

H. Award reasonable attorneys' fees and all other available costs of suit; and

I. Award all other relief in law or equity that the Court deems equitable, just, and proper.

## JURY DEMAND

Dr. Gilreath demands a trial by jury on all issues within this complaint.

Respectfully submitted,

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
Speech Law, LLC
1265 West Sixth Street, Suite 400
Cleveland, OH 44113-1326
216-912-2195 Phone/Fax
brian.bardwell@speech.law
*Attorney for Plaintiff Marcellus Gilreath*

Motion No.   <u>5079258</u>



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**MOTION TO...**
March 27, 2023 19:28

By: BRIAN BARDWELL 0098423

Confirmation Nbr. 2813252

MARCELLUS GILREATH

vs.

PAMELA MCGUINEA, ET AL

CV 23 977128

**Judge:** CASSANDRA COLLIER-WILLIAMS

Pages Filed:  8

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **MARCELLUS GILREATH**<br>*Plaintiff,*<br><br>v.<br><br>**PAMELA MCGUINEA,** *et al.*<br>*Defendants.* | Case No.: CV-23-977128<br><br>Judge Cassandra Collier-Williams |
| **PLAINTIFF MARCELLUS GILREATH'S MOTION**<br>**FOR ORDER CORRECTING DOCKET ENTRY** | |

Plaintiff Marcellus Gilreath respectfully moves the Court for an order correcting the docket to reflect that the Complaint was filed with the Cuyahoga County Clerk of Courts on March 24, 2023.

### FACTS

Plaintiff Marcellus Gilreath is a disabled former doctor in the U.S. Army Medical Corps who was wrongly convicted of attempted grand theft because he lawfully applied for and obtained food stamps. Years after his conviction, prosecutors admitted their error and had his conviction vacated.

Dr. Gilreath filed a malicious-prosecution complaint on March 24, 2023, using the Cuyahoga County Clerk of Courts' e-filing system. The morning of March 27, 2023, the e-filing system rejected his filing because he had not submitted an affidavit of poverty. But although Dr. Gilreath was eligible for a court-appointed attorney in his criminal case years ago, he did not need or want a fee waiver for his filing in this case. Counsel for Dr. Gilreath met with the deputy clerks on the e-filing desk the next business day to determine what had happened, and they were able to process the filing again on the spot.

However, the clerk's office said that technical limitations in its e-filing system made it impossible for them to apply the correct timestamp to the complaint, which now shows that it was filed on March 27, 2023.

## LAW & ARGUMENT

I.     **Because the Clerk's office erroneously rejected Dr. Gilreath's complaint, the Court should deem it filed as of the date it arrived in the Clerk's office.**

When technical problems delay the docketing of an electronically filed pleading, the court may enter an order deeming the pleading filed as of the date it was electronically submitted. Loc.R. 39.0(H)(1)–(2). This authority includes the authority to correct the docket to reflect the actual filing date of a complaint, as "[i]t is always preferred that cases be decided on their merits rather than on technicalities." *Covarrubias v. Lowe's Home Improvement*, L.L.C. 172 N.E.3d 516, ¶ 32 (8th Dist. 2021).

For instance, in *Covarrubias*, the Plaintiff filed a complaint in a personal-injury suit on the evening of the last day before reaching his statute of limitations, but the clerk of courts—for reasons unknown—initially failed to process it or timestamp it until the next business day. Although the Plaintiff moved to correct the docket to reflect that the Complaint was filed the day prior, the Court dismissed the case on statute-of-limitations grounds, holding that Loc.R. 39.0(H)(3)(a) prohibited it from correcting the filing date to meet a "jurisdictional deadline." The Eighth District reversed, holding that because statutes of limitations are affirmative defenses—not jurisdictional requirements—the trial court was required to correct the docket.

Given the mandate to use an e-filing system where everyone conceded "glitches have occurred," the Eighth District said the trial court could not penalize a party who fell victim to one of those glitches:

> Whether or not it was accepted by the clerk was entirely out of appellant's
> counsel's hands, and there is no assertion that there was any reason the complaint

would not have been accepted. Given that appellant's counsel had uploaded the complaint, selected the credit card to pay the filing fee, and hit "submit" prior to 5:00 p.m., which was well within the electronic filing deadline of 11:59 p.m., it was reasonable for him to assume that the filing was in the queue to be processed and that he would receive confirmation of the filing the next day.[1]

The same is true here. As laid out in Exhibit A, counsel for Dr. Gilreath signed into the clerk's e-filing portal at 9:11 p.m., entered the required information, uploaded the complaint, and hit "submit" at 9:16 p.m. At no point did the system request or require that he submit a poverty affidavit; on the contrary, it required that he enter his credit-card information, just as it has in every other case where he has not sought a fee waiver. Because the complaint was filed before 11:59 p.m. but after hours, the system did not send out a notification that the filing had been accepted or rejected. Still, an error in the system triggered a rejection of the complaint for failing to attach a fee waiver that the system never requested nor required. As required by rule, counsel for Dr. Gilreath therefore ensured that the complaint was refiled the next business day. He spoke with multiple deputy clerks to sort out the error, and after they pushed the filing through the system again, they were able to resolve the error without any further effort. Because the complaint was already in the clerk's system, Dr. Gilreath's counsel was not required to upload it again, and there were therefore no changes to it whatsoever.

## CONCLUSION

"Cases should be decided on their merits, rather than upon procedural niceties and technicalities." *Perotti v. Ferguson*, 7 Ohio St. 3d 1, 4, (1983) (Brown, J., concurring). To achieve that end here, Loc.R. 39.0 permits the Court to correct the docket as necessary to account for e-filing "glitches." Because doing so will permit an adjudication on the merits and would not

---

[1] *Covarrubias*, ¶ 27.

unfairly prejudice any party, the Court should enter an order correcting the docket to reflect that

Dr. Gilreath filed his complaint at 9:16 p.m. on March 24, 2023.

Respectfully submitted,

*/s/Brian D. Bardwell*
Speech Law LLC
Brian D. Bardwell (0098423)
1265 West Sixth Street, Suite 400
Cleveland, OH 44113-1326
216-912-2195 Phone/Fax
brian.bardwell@speech.law
*Attorney for Plaintiff Marcellus Gilreath*

## CERTIFICATE OF SERVICE

I certify that on March 27, 2023, this document was served on opposing counsel as

provided by Civ. R. 5(B)(2)(c).

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
*Attorney for Plaintiff Marcellus Gilreath*

### Affidavit of Brian D. Bardwell

I, Brian D. Bardwell, having been duly sworn, state as follows:

1.     I am over the age of 18 and competent to testify to the facts below based on personal knowledge.

2.     I am counsel to Plaintiff Marcellus Gilreath.

3.     On March 24, 2023 at 9:11 p.m., I signed in to the Cuyahoga County Clerk of Courts's e-file system.

4.     Once in that system, I opened up a file for Dr. Gilreath. I entered the names and addresses of the parties, I uploaded a PDF of the Dr. Gilreath's complaint, and I entered my credit-card information to pay any fees associated with opening the case.

5.     After doing that, I hit the "Submit E-File For Approval" button at 9:16 p.m.

6.     The e-file system then gave me the following "Filing Confirmation," saying that my "filing has been submitted":

**FILING CONFIRMATION**

Your filing has been submitted. Below is a summary of this transaction you may [Print] or copy for your records.

|  |  |
|---|---|
| Efile ID: | 2811595 |
| Date/Time Submitted: | 3/24/2023 9:16:39 PM |
| Court: | CIVIL |
| Type of Filing: | TORT-MISCELLANEOUS |
| Filing Attorney: | BARDWELL/BRIAN/ |
| Plaintiff Title: | Marcellus Gilreath |
| Defendant Title: | Pamela McGuinea |
| Number Foreign: | 0 |
| Public Notice: | N |
| Poverty Affidavit: | Y |
| Refiled/Transferred Case: | N |
| Prayer Amount: | 0 |
| Jury Demand: | Y |

IF THE DOCUMENT(S) IS ACCEPTED FOR FILING, THE DATE AND TIME REFLECTED ABOVE SHALL SERVE AS THE DATE AND TIME OF FILING, UNLESS THE DOCUMENT(S) WAS SUBMITTED FOR FILING AFTER 11:59 P.M. ON A FRIDAY OR AFTER 11:59 P.M. ON A BUSINESS DAY BEFORE A COURT HOLIDAY. IN THAT CASE, THE DOCUMENT WILL BE DEEMED FILED ON THE FOLLOWING COURT BUSINESS DAY.

7.     At no point did the system ever request or require that I file a poverty affidavit for Dr. Gilreath.

8.     The next business day, I saw that the clerk's office had not timestamped my filing. Until then, I had had no indication that there were any issues with the filing.

9.     I went to the clerk's office to sort out the issue and ensure that the Complaint was properly filed.

**PLAINTIFF'S EXHIBIT A**

10.  A deputy clerk told me she had rejected the filing because there was no poverty affidavit attached.

11.  I explained that Dr. Gilreath because was not seeking a fee waiver.

12.  The deputy indicated that her system showed that Dr. Gilreath was going to file a poverty affidavit.

13.  When I explained that Dr. Gilreath would not be filing a poverty affidavit because he was not seeking a fee waiver, the deputy told me to resubmit the filing, but she said the e-filing system's technical limitations would not permit her to timestamp the complaint with the date when it was actually filed now that she had rejected it. The deputy indicated that such a correction could only happen by motion to the Court.

14.  While at the clerk's office, I attempted to resubmit the filing. When I did, I saw that the system's "Poverty Affidavit" option was switched to "Yes." I switched it back to "No" and resubmitted the filing.

15.  When the deputy opened the filing on her computer, the system inexplicably showed that "Poverty Affidavit" was nonetheless still switched to "Yes." Because there was no poverty affidavit attached, the deputy rejected the filing again.

16.  The deputy again walked me through the process. Again, we switched the "Poverty Affidavit" option to "No." This time, the system recognized that no poverty affidavit was requested.

17.  The deputy was finally able to push the filing through the system.

18.  At no point during this process did I make any changes to the information about the case that I entered into the system. When the system finally recognized that Dr. Gilreath was not requesting a poverty affidavit, it did so without any changes to the other information I had entered about the case, and all that information remained identical across the various attempts at filing the complaint.

19.  At no point during this process did I make any changes to the complaint. The clerk's system dowloaded its copy of the complaint on March 24 and retained it. When the system finally recognized that Dr. Gilreath was not requesting a poverty affidavit, it used the same file that had been in its system since March 24, and I was never required to upload it after the first time on March 24.

I declare the preceding facts to be true under penalty of perjury.


_____
Brian D. Bardwell

STATE OF OHIO                              )
                                           ) SS.
COUNTY OF CUYAHOGA                         )


Sworn to and subscribed before me on _____.


_____
Notary Public, State of Ohio
My commission expires: _____

I declare the preceding facts to be true under penalty of perjury.

Brian D. Bardwell

STATE OF OHIO )
) SS.
COUNTY OF CUYAHOGA )

Sworn to and subscribed before me on 3/27/23

ALLISON SAM
Notary Public, State of Ohio
My commission expires: 6/27/23

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
### CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

__MARCELLUS GILREATH__
**Plaintiff**

V.

__PAMELA MCGUINEA, ET AL__
**Defendant**

CASE NO.  CV23977128

JUDGE  CASSANDRA COLLIER-WILLIAM

# SUMMONS  SUMC  CM

Notice ID:  50228134

| From: | MARCELLUS GILREATH | P1 |
| | 1265 WEST SIXTH STREET | |
| | SUITE 400 | |
| | CLEVELAND OH 44113 | |

| Atty.: | BRIAN BARDWELL |
| | 1265 W. 6TH ST. |
| | SUITE 400 |
| | CLEVELAND, OH 44113-0000 |

| To: | PAMELA MCGUINEA | D1 |
| | 1641 PAYNE AVENUE | |
| | CLEVELAND OH 44114 | |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Naiiah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

By_____
Deputy

Date Sent: <u>03/28/2023</u>

CMSN130

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

MARCELLUS GILREATH
**Plaintiff**

V.

PAMELA MCGUINEA, ET AL
**Defendant**

**CASE NO.**  CV23977128

**JUDGE**  CASSANDRA COLLIER-WILLIAM

# SUMMONS  SUMC  CM

**Notice ID:**  50228135

From:   MARCELLUS GILREATH          P1
        1265 WEST SIXTH STREET
        SUITE 400
        CLEVELAND OH 44113

Atty.:   BRIAN BARDWELL
         1265 W. 6TH ST.
         SUITE 400
         CLEVELAND, OH 44113-0000

To:   CUYAHOGA COUNTY                D2
      1200 ONTARIO STREET
      9TH FLOOR
      CLEVELAND OH 44113

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

By_____
                    Deputy

Date Sent: <u>03/28/2023</u>

CMSN130

**UNITED STATES**
**POSTAL SERVICE**

Date Produced: 04/03/2023

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3548 0780 38. Our records indicate that this item was delivered on 03/31/2023 at 01:53 p.m. in CLEVELAND, OH 44113. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**NOTICE OF REMOVAL**
April 7, 2023 10:53

By: MICHAEL J. STEWART 0082257

Confirmation Nbr. 2824112

MARCELLUS GILREATH                        CV 23 977128

vs.

PAMELA MCGUINEA, ET AL          Judge:  CASSANDRA COLLIER-WILLIAMS

Pages Filed:  6

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

|  |  |  |
|---|---|---|
| **MARCELLUS GILREATH,** | ) | CASE NO: CV-23-977128 |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | JUDGE CASSANDRA COLLIER- |
|  | ) | WILLIAMS |
| **PAMELA MCGUINEA, et al.,** | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |
|  | ) |  |

## NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT

Pursuant to 28 U.S.C. § 1446(d), Defendants give notice that the Defendants filed a *Notice of Removal* in the United States District Court for the Northern District of Ohio, Eastern Division, on April 7, 2023. A copy of the *Notice of Removal* in Northern District case number 1:23-cv-720 is attached as Exhibit A (not including its exhibits, which are comprised of documents filed in this Court). Please take further notice that under 28 U.S.C. § 1441, the filing of the Notice of Removal in the District Court, together with the filing of this Notice, effects the removal of this action from this Court.

Respectfully submitted,

MICHAEL C. O'MALLEY, Prosecuting Attorney of Cuyahoga County, Ohio

By: /s/ Michael J. Stewart
 Michael J. Stewart (0082257)
 Jake A. Elliott (0093521)
 CUYAHOGA COUNTY PROSECUTOR'S OFFICE
 The Justice Center, Courts Tower
 1200 Ontario Street, 8th Floor

Cleveland, OH  44113
Phone: (216) 443-5756
Fax: (216) 443-7602
mjstewart@prosecutor.cuyahogacounty.us
jelliott@prosecutor.cuyahogacounty.us

### CERTIFICATE OF SERVICE

A copy of the foregoing Notice of Filing Notice of Removal was filed via the Court's electronic filing system on April 7, 2023. All parties may access this filing via the Court's electronic filing system.

By: /s/ Michael J. Stewart
Michael J. Stewart (0082257)

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| MARCELLUS GILREATH, | ) | CASE NO.: |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | JUDGE: |
|  | ) |  |
| PAMELA MCGUINEA, et al. | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |
|  | ) |  |

---

### NOTICE OF REMOVAL

---

Defendants Cuyahoga County, Ohio seeks removal of this action pursuant to 28 U.S.C. § 1441 *et seq.* and state as follows:

1.　　On March 27, 2023, Plaintiff Marcellus Gilreath commenced a civil action against the Defendants in the Cuyahoga County Court of Common Pleas, Case No. CV 23-977128. A copy of the Complaint is attached as Exhibit 1.

2.　　Plaintiff alleges that the County and Defendant violated various rights arising under the United State Constitution and federal statutory law.  See, generally: Claim 1 of Complaint (Malicious Prosecution, 42 U.S.C. § 1983); Claim 2 (Abuse of Process, 42 U.S.C. § 1983);; and Claim 3 (*Brady* violation, 42 U.S.C. § 1983).

## EXHIBIT A

3.      Each of the claims enumerated in the preceding paragraph "aris(es) under the Constitution, law or treaties of the United States" within the meaning of 28 U.S.C. § 1331.

4.      This Court possesses original jurisdiction over the federal claims in this civil action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).  The remaining state-law claims are joined to this single action and are removable, at minimum, pursuant to 28 U.S.C. § 1441(c).  In the alternative, this Court possesses supplemental jurisdiction over some of Plaintiff's state-law claims pursuant to 28 U.S.C. § 1337.

5.      From the face of the state-court docket, Co-Defendant Pamela McGuinea has yet been served with process.  Moreover, Ms. McGuinea is a former employee of Defendant Cuyahoga County.  Plaintiff has directed the state-court clerk to serve Ms. McGuinea at her former place of employment.  Such service does not comply with Fed.R.Civ.P. 4 or Ohio law concerning service of process.

6.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days of the Cuyahoga County's receipt of the Summons and Complaint.

7.      In accordance with 28 U.S.C. § 1446(d), Defendants will give notice to the Cuyahoga County Court of Common Pleas of this Court's jurisdiction over the state court's case number CV-23-977128, promptly after filing this Notice of Removal.  In accordance with 28 U.S.C. § 1446(d), Defendants will provide prompt written notice to Plaintiff of the filing of this Notice of Removal.

8.      In accordance with 28 U.S.C. § 1446(a), the following documents from the state court are attached as exhibits to this Notice of Removal:

Exhibit 1:      Plaintiff's Complaint;

Exhibit 2:      "Motion for an Order Correcting Docket Entry";

Exhibit 3:       Summons issued to Pamela McGuinea;

Exhibit 4:       Summons issued to Cuyahoga County;

Exhibit 5:       Return of Service of Cuyahoga County;

Exhibit 6:       Cuyahoga County docket entries as of April 7, 2023.

Defendants respectfully request that this Notice effect the removal of the above-captioned

case to this Court.

Respectfully submitted,

MICHAEL C. O'MALLEY, Prosecuting Attorney
of Cuyahoga County, Ohio

By: */s/ Michael J. Stewart*
       Michael J. Stewart (0082257)
       mjstewart@prosecutor.cuyahogacounty.us
       (216) 443-6673
       Jake A. Elliott (0093521)
       jelliott@prosecutor.cuyahogacounty.us
       (216) 443-5756
       CUYAHOGA COUNTY PROSECUTOR'S OFFICE
       The Justice Center, Courts Tower
       1200 Ontario Street, 8th Floor
       Cleveland, OH  44113
       Fax: (216) 443-7602

       *Attorneys for Defendant Cuyahoga County*

## CERTIFICATE OF SERVICE

I certify that on April 7, 2023, a copy of the foregoing *Notice of Removal* was filed with the Court's electronic filing system, and that I caused the foregoing *Notice of Removal* to be served via email to the following:

Brian Bardwell
Brian.bardwell@speech.law

*Attorney for Plaintiff Marcellus Gilreath*

/s/ *Michael J. Stewart*
Michael J. Stewart (0082257)