IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MARCELLUS GILREATH**<br>　　　　　*Plaintiff,*<br>v.<br>**PAMELA MCGUINEA, ET AL.**<br>　　　　　*Defendants.* | Case No.: 1:23-cv-00720-DAP<br><br>Judge Dan Aaron Polster<br>Magistrate Judge Jonathan D. Greenberg |
| **PLAINTIFF MARCELLUS GILREATH'S MOTION<br>FOR NUNC PRO TUNC ORDER CORRECTING DOCKET ENTRY** ||

Plaintiff Marcellus Gilreath respectfully moves the Court for an order correcting the docket to reflect that his Complaint was actually filed with the Cuyahoga County Clerk of Courts on March 24, 2023, rather than on March 27, 2023.

## FACTS

Plaintiff Marcellus Gilreath is a disabled former doctor in the U.S. Army Medical Corps who was wrongly convicted of attempted grand theft based on his lawful application for and receipt of food stamps. Years after his conviction, prosecutors admitted their error and had his conviction vacated.

Dr. Gilreath filed a malicious-prosecution complaint on March 24, 2023, using the Cuyahoga County Clerk of Courts' e-filing system. The morning of March 27, 2023, the e-filing system rejected his filing because he had not submitted an affidavit of poverty. While Dr. Gilreath was eligible for a court-appointed attorney in his criminal case years ago, he did not need or want a fee waiver for his filing in this case. Counsel for Dr. Gilreath met with the deputy clerks on the e-filing desk the next business day to determine what had happened, and they were able to process the filing again on the spot.

However, the clerk's office said that technical limitations in its e-filing system made it impossible for them to apply the correct timestamp to the complaint, which now shows that it was filed on March 27, 2023.

**LAW & ARGUMENT**

**I.    Because the Clerk's office erroneously rejected Dr. Gilreath's complaint, the Court should deem it filed as of the date it arrived in the Clerk's office.**

When technical problems delay the docketing of a pleading electronically filed in the Cuyahoga Court of Common Pleas, the trial court may enter an order deeming the pleading filed as of the date it was electronically submitted. Loc.R. 39.0(H)(1)–(2). This authority includes the authority to correct the docket to reflect the actual filing date of a complaint, as "[i]t is always preferred that cases be decided on their merits rather than on technicalities." *Covarrubias v. Lowe's Home Improvement, L.L.C.*, 172 N.E.3d 516, ¶ 32 (8th Dist. 2021).

The same rule applies in the federal system, where district courts have the inherent power to correct the record *nunc pro tunc* when a clerk's office neglects to perform a ministerial act. *See Oates v. Oates*, 866 F.2d 203, 208 (6th Cir. 1989) ("Because the court clerk failed to perform the ministerial act of entering judgment, the court should have entered judgment nunc pro tunc."). "A *nunc pro tunc* order merely recites court actions previously taken but not properly or adequately recorded." *George v. Sullivan*, 909 F.2d 857, 861 (6th Cir. 1990) (quoting *Crosby v. Mills*, 413 F.2d 1273 (10th Cir. 1969)).

For instance, in *Covarrubias*, the Plaintiff filed a complaint in a personal-injury suit on the evening of the last day before reaching his statute of limitations, but the clerk of courts—for reasons unknown—initially failed to process it or timestamp it until the next business day. Although the Plaintiff moved to correct the docket to reflect that the Complaint was filed the day prior, the Court dismissed the case on statute-of-limitations grounds, holding that Loc.R.

39.0(H)(3)(a) prohibited it from correcting the filing date to meet a "jurisdictional deadline." The Eighth District reversed, holding that because statutes of limitations are affirmative defenses—not jurisdictional requirements—the trial court was required to correct the docket.

Given the mandate to use an e-filing system where everyone conceded "glitches have occurred," the Eighth District said the trial court could not penalize a party who fell victim to one of those glitches:

> Whether or not it was accepted by the clerk was entirely out of appellant's counsel's hands, and there is no assertion that there was any reason the complaint would not have been accepted. Given that appellant's counsel had uploaded the complaint, selected the credit card to pay the filing fee, and hit "submit" prior to 5:00 p.m., which was well within the electronic filing deadline of 11:59 p.m., it was reasonable for him to assume that the filing was in the queue to be processed and that he would receive confirmation of the filing the next day.[1]

The same is true here. As laid out in Exhibit A, counsel for Dr. Gilreath signed into the clerk's e-filing portal at 9:11 p.m., entered the required information, uploaded the complaint, and hit "submit" at 9:16 p.m. At no point did the system request or require that he submit a poverty affidavit; on the contrary, it required that he enter his credit-card information to pay a filing fee, just as it has in every other case where he has not sought a fee waiver. Because the complaint was filed before 11:59 p.m. but after hours, the system did not send out a notification that the filing had been accepted or rejected. Still, something in the system triggered a rejection of the complaint for failing to attach a fee waiver that the system never requested nor required. As required by rule, counsel for Dr. Gilreath therefore ensured that the complaint was refiled the next business day. He spoke with multiple deputy clerks to sort out the error, and—after they pushed the filing through the system again—they were able to resolve the error without any

---

[1] *Covarrubias*, ¶ 27.

further effort. Because the complaint was already in the clerk's system, Dr. Gilreath's counsel was not required to upload it again, and there were therefore no changes to it whatsoever.

### CONCLUSION

"[C]ases should be tried on their merits rather than the technicalities of pleadings." *Moore v. Paducah*, 790 F.2d 557, 561 (6th Cir. 1986). To achieve that end here, Loc.R. 39.0 and the district court's inherent authority permits the Court to correct the docket as necessary to account for e-filing "glitches." Because doing so will permit an adjudication on the merits and would not unfairly prejudice any party, the Court should enter an order correcting the docket to reflect that Dr. Gilreath filed his complaint at 9:16 p.m. on March 24, 2023.

Respectfully submitted,

*/s/Brian D. Bardwell*
Speech Law LLC
Brian D. Bardwell (0098423)
1265 West Sixth Street, Suite 400
Cleveland, OH 44113-1326
216-912-2195 Phone/Fax
brian.bardwell@speech.law
*Attorney for Plaintiff Marcellus Gilreath*

### CERTIFICATE OF SERVICE

I certify that on May 16, 2023, this document was served on opposing counsel as provided by Civ. R. 5(B)(2)(c).

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
*Attorney for Plaintiff Marcellus Gilreath*