IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARCELLUS GILREATH, | ) | CASE NO. 1:23-cv-00720 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | ORDER OF REMAND |
| | ) | |
| PAMELA MCGUINEA, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the plaintiff's Motion for *Nunc Pro Tunc* Order Correcting Docket Entry ("Motion"). ECF Doc. 6. The plaintiff, Marcellus Gilreath, seeks an order backdating a state court docket entry to reflect the date he first attempted to file his complaint in state court. For the following reasons, the Court DENIES the plaintiff's Motion and REMANDS this Motion to the Cuyahoga County Court of Common Pleas.

Procedural History

This case stems from the plaintiff's alleged wrongful prosecution for theft. ECF Doc. 1-2. In 2021, the Cuyahoga County prosecutor's office moved to vacate the plaintiff's conviction. *Id.* On March 25, 2021, the state court granted the prosecutor's motion to vacate the plaintiff's conviction. *Id.* On March 27, 2023, the plaintiff filed a complaint in the Cuyahoga County Court of Common Pleas. ECF Doc. 1-2. Later that same day, the plaintiff filed a Motion for Order Correcting Docket Entry to backdate his complaint to March 24, 2023, the date he first attempted to electronically file his complaint. ECF Doc. 1-3. Before the state court could rule on the motion, the defendants, Pamela McGuinea and Cuyahoga County, removed the action to the Northern District of Ohio, on the basis of federal question. ECF Doc. 1-4.

On May 16, 2023, the plaintiff filed a Motion for *Nunc Pro Tunc* Order Correcting

Docket Entry before this Court. ECF Doc. 6. In a sworn affidavit, the plaintiff's counsel explains that a Cuyahoga County deputy clerk erroneously rejected his March 24, 2023 filing because it lacked a poverty affidavit, even though he never sought a fee waiver and actually entered his credit card information to pay the filing fee. ECF Doc. 6-1, pp. 1-2. The deputy clerk processed the plaintiff's filing on March 27, 2023 but could not change the timestamp because of "technical limitations." *Id.* at p. 2. Now, the plaintiff moves this Court to "deem[ ] the pleading filed as of the date it was electronically submitted" and seeks an order *nun pro tunc* backdating the complaint to March 24, 2023. ECF Doc. 6, p. 2. The Court did not require a response from the defendants or a reply from the plaintiff before issuing this decision.

## Standard of Review

The plaintiff cites to Cuyahoga County Local Rules 39.0(H)(1) and (2) as a trial court's authority to correct the docket when mistakes occur due to "technical problems." *Id.* The plaintiff asserts that "[t]he same rule applies in the federal system" and "district courts have the inherent power to correct the record *nunc pro tunc* when a clerk's office neglects to perform a ministerial act." *Id.* The Court construes the plaintiff's motion as a request under Federal Rule of Civil Procedure 60(a) to issue an order correcting a clerical mistake. As the moving party, the plaintiff bears the burden of proof.

## Analysis

Rule 60(a) permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgement, order, or other part of the record." Fed. R. Civ. P. 60(a). Importantly, Rule 60(a) grants federal courts the authority to correct their own clerical mistakes, oversights, or omissions. *See In re Am. Precision Vibrator Co.*, 863 F.2d 428, 430 (5th Cir. 1989) ("Rule 60 derives from a long-held power of courts to grant relief from

their own judgments."); *see also Kohut v. United Healthcare Ins. Co. (In re LSC Liquidation, Inc.)*, 699 F. App'x 503, 507 (6th Cir. 2017) (ruling that modification under Rule 60(a) is "not appropriate" where "the bankruptcy court [ ] is not asked to correct its own error . . . but is instead asked to correct a substantive error made by the parties").

The Sixth Circuit has upheld Rule 60(a) corrections where a federal court corrects its clerical mistakes, oversights, or omissions.  *See e.g. The Pruzinsky v. Gianetti (In re Walter)*, 282 F.3d 434, 440 (6th Cir. 2002) (permissible under Rule 60(a) for a bankruptcy court to modify an order where the court's own oversight in part resulted in an order that did not reflect the court's stated intent); *Pogor v. Makita U.S.A. Inc.*, 135 F.3d 384, 387-88 (6th Cir. 1998) (permissible under Rule 60(a) for a district court to add omitted prejudgment interest amount to its judgment where the court originally intended to award prejudgment interest).  Accordingly, Rule 60(a) does not permit this Court to correct purported clerical mistakes that occurred when the Court of Common Pleas had jurisdiction over this case.  The plaintiff does not cite any authority or cases to the contrary.  Therefore, this Court lacks jurisdiction to rule on the plaintiff's motion.

## Conclusion

The Court lacks jurisdiction to adjudicate the plaintiff's motion.  Accordingly, the Court DENIES the plaintiff's Motion for *Nunc Pro Tunc* Order Correcting Docket Entry.  The Court REMANDS the plaintiff's Motion to the Cuyahoga County Court of Common Pleas and respectfully requests that court to rule on the plaintiff's Motion within 45 days of this order.

Date: May 22, 2023

                                             */s/ Dan Aaron Polster*
                                             Dan Aaron Polster
                                             United States District Judge