UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MARCELLUS GILREATH,** ) | CASE NO.: 1:23cv720 |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | JUDGE: DAN AARON POLSTER |
| ) | |
| **PAMELA MCGUINEA, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

---

**DEFENDANTS' MOTION FOR TO CLARIFY
ORDER OF REMAND**

---

Now come Defendants Pamala McGuinea and Cuyahoga County and respectfully move the Court to clarify its "Order of Remand," ECF# 8. Specifically, Defendants request that the Court clarify that it remanded only Plaintiff's Motion for a *Nunc Pro Tunc* Order (ECF# 6), but otherwise retains jurisdiction over the civil action.

Plaintiff originally filed this action in Cuyahoga County Common Pleas Court on either March 24, 2023 or March 27, 2023. According to Plaintiffs' Counsel, he attempted to file on March 24, but the Complaint was not stamped until March 27 due to various confusion and technical errors. (Bardwell aff, ECF# 6-1). Plaintiff has sought orders from the State Court and this Court declaring that he filed his complaint on March 24. (ECF## 1-3, 6).

Meanwhile, Cuyahoga County removed the action to federal court on April 7, 2023. (Notice of Removal, ECF# 1). Pamela McGuinea filed a notice of consent to the removal on April 21. (ECF# 4). The 30-day time limit for Gilreath to seek remand to state court has

1

elapsed. See: 28 U.S.C. § 1447. There can be no reasonable dispute that this action falls within this Court's federal question and removal jurisdiction. On its face, the Complaint contains three constitutional causes of action under 42 U.S.C. § 1983. (Cmplt., ECF# 1-1 at ¶¶ 40-52).

On May 22, 2023, this Court issued an "Order of Remand." (ECF# 8). At two points in the Order, this Court indicates that it intends to remand only Plaintiff's Motion for a *Nunc Pro Tunc* Order to the Cuyahoga County Court of Common Pleas. *Id.* at PageID# 80, 82. At the conclusion, this Court requests that the state court rule on the *Nunc Pro Tunc* Motion within 45 days. *Id.* at PageID# 82. Defendants understand this Court's Remand Order to apply only to the *Nunc Pro Tunc* Motion, not the entire civil case. After the state court rules on the *Nunc Pro Tunc* Motion, this Court intends to preside over the remainder of the case.

However, the entry on this Court's docket indicates that this case was "closed" by the Remand Order. See: Docket entry for ECF# 8. Defendants request two points of clarification:

1) Did this Court intend to remand the *Nunc Pro Tunc* Motion or the entire civil action? If the former, Defendants respectfully suggest that this case should be "stayed" until the state-court rules, not "closed." If the latter, Defendants are concerned that they may have been inadvertently deprived of a federal forum and request an opportunity to fully brief the issue before the entire case is remanded.

2) Defendants' response to the Complaint is currently due on June 2, 2023. Should Defendants proceed to respond or is this deadline stayed until the state court rules on the *Nunc Pro Tunc* Order?

Defendants seek clarification to ensure that they are able to litigate this matter in federal court pursuant to the relevant jurisdictional and removal statutes.

Respectfully submitted,

MICHAEL C. O'MALLEY, Prosecuting Attorney
of Cuyahoga County, Ohio

By: /s/ *Michael J. Stewart*
    Michael J. Stewart (0082257)
    mjstewart@prosecutor.cuyahogacounty.us
    (216) 443-6673
    Jake A. Elliott (0093521)
    jelliott@prosecutor.cuyahogacounty.us
    (216) 443-5756
    CUYAHOGA COUNTY PROSECUTOR'S OFFICE
    The Justice Center, Courts Tower
    1200 Ontario Street, 8th Floor
    Cleveland, OH  44113
    Fax:        (216) 443-7602

*Attorneys for Defendants Cuyahoga County
and Pamela McGuinea*

## CERTIFICATE OF SERVICE

I certify that on May 23, 2023, a copy of the foregoing *Motion to Clarify Order of Remand* was filed with the Court's electronic filing system.

        /s/ *Michael J. Stewart*
        Michael J. Stewart (0082257)