IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARCELLUS GILREATH, | ) | CASE NO.: 1:23-cv-720 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE: DAN AARON POLSTER |
| | ) | |
| PAMELA MCGUINEA, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

---

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' CUYAHOGA COUNTY AND PAMELA MCGUINEA'S
MOTION TO DISMISS**

---

Respectfully submitted,

MICHAEL C. O'MALLEY, Prosecuting Attorney
of Cuyahoga County, Ohio

By: /s/ *Michael J. Stewart*
    Michael J. Stewart (0082257)
    mjstewart@prosecutor.cuyahogacounty.us
    (216) 443-6673
    Jake A. Elliott (0093521)
    jelliott@prosecutor.cuyahogacounty.us
    (216) 443-5756
    CUYAHOGA COUNTY PROSECUTOR'S OFFICE
    The Justice Center, Courts Tower
    1200 Ontario Street, 8th Floor
    Cleveland, OH  44113
    Fax: (216) 443-7602

    *Attorneys for Defendants Cuyahoga County
    and Pamela McGuinea*

i

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES................................................................................................ iv

I.    RELEVANT FACTUAL ALLEGATIONS ...................................................... 1

II.    LAW AND ARGUMENT ................................................................................. 3

    A.    Standard of Review: the Court must accept the truth of all factual allegations in the Complaint and determine whether it plausibly gives rise to claims for relief. ....................... 3

    B.    Gilreath does not allege a constitutional violation against either Defendant. ............. 3

        1.    Gilreath does not adequately plead facts supporting his constitutional malicious prosecution claim. ...................................................................................................... 3

            a.    CCPO's independent decision to prosecute, and Gilreath's guilty plea, break the chain of causation attributable to McGuinea.................................................................... 4

            b.    A grand jury indictment and Gilreath's guilty plea conclusively establish probable cause. ...................................................................................................................... 5

        2.    The Sixth Circuit does not recognize a constitutional claim for abuse of process. ....... 6

        3.    Gilreath did not have a constitutional right to exculpatory Brady material prior to pleading guilty................................................................................................................ 7

    C.    McGuinea is entitled to qualified immunity on Gilreath's constitutional claims......... 8

    D.    Gilreath has failed to plead facts supporting Monell liability against Cuyahoga County....................................................................................................................... 10

        1.    The County is entitled to absolute immunity under Eleventh Amendment for decisions made while prosecuting Gilreath. ........................................................................ 10

        2.    Gilreath's remaining Monell allegations against the County are conclusory. .............11

            c.    Gilreath does not adequately plead a ratification theory......................................... 12

            d.    Gilreath's allegations about his own case are not sufficient to support a "training" or "supervision" claim.................................................................................................. 13

    E.    Gilreath's state-law claims against McGuinea must be dismissed................................ 14

        1.    McGuinea's statements to CCPO during the original prosecution are privileged and entitled to absolute immunity under Ohio law................................................................... 14

        2.    Gilreath's state-law claims are time-barred ................................................................ 15

            a.    Gilreath's state-law claims are barred under a one-year statute of limitations ....... 16

            b.    Gilreath's state-law claims are barred under a two-year statute of limitations ....... 17

        3.    Gilreath's state-law claims are conclusory. .............................................................. 19

III.     CONCLUSION ........................................................................................................... 19

LOCAL RULE 7.1(f) CERTICATION ......................................................................................... 20

## **TABLE OF AUTHORITIES**

**Cases**

*Andrews v. City of Cleveland,* N.D. Ohio No. 1:22cv250, 2023 U.S.Dist. LEXIS 49871 (March 23, 2023)....................................................................................................................10, 11

*Arrington-Bey v. City of Bedford Hts*., 858 F.3d 988 (6th Cir.2017) ............................................ 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................... 3, 19

*Barnes v. Beachwood*, 8th Dist. Cuyahoga No. 87100, 2006-Ohio-3948 .................................. 15

*Barnes v. Wright*, 449 F.3d 709 (6th Cir. 2006) ........................................................................... 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 555 (2007)......................................................... 3, 12, 19

*Berry v. United States Dep't of Labor,* 832 F.3d 627 (6th Cir. 2016)........................................... 3

*Bickerstaff v. Lucarelli*, 830 F.3d 388 (6th Cir.2016)................................................................ 5, 6

*Board of Cty. Comm'rs of Bryan County* v. *Brown*, 520 U.S. 397 (1997)....................................11

*Bontkowski v. United States,* 28 F.3d 36 (7th Cir. 1994).............................................................. 5

*Brady v. Maryland*, 373 U.S. 83 (1963)........................................................................................ 7

*Bright v. Gallia Cty*., 753 F.3d 639 (6th Cir. 2014) ...................................................................... 3

*Brown v. Chapman*, 814 F.3d 447 (6th Cir. 2016) ...................................................................... 13

*Burgess v. Fischer*, 735 F.3d 462 (6th Cir.2013) ........................................................................ 12

*Cady v. Arenac Cty.,* 574 F.3d 334 (6th Cir. 2009) ..................................................................... 10

*Campbell v. Marshall,* 769 F.2d 314 (6th Cir. 1985)..................................................................... 7

*Cataldo v. U.S. Steel Corp*., 676 F.3d 542 (6th Cir. 2012)........................................................... 16

*Chappell v. City of Cleveland*, 585 F.3d 901 (6th Cir. 2009)........................................................ 8

*City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989)...................................................................11

*City of Tahlequah v. Bond*, 142 S.Ct. 9 (2021) ............................................................................. 9

*Connick v. Thompson*, 563 U.S. 51 (2011) .................................................................................. 13

*Covender v. State*, 9th Dist. Lorain No. 21CA011780, 2023-Ohio-172 ..................................... 17

*Crawford v. Tilley*, 15 F. 4th 752. (6th Cir. 2021).................................................................... 8, 9

*Cretacci v. Hare*, 6th Cir. Nos. 21-5786, 21-5833, 2022 U.S. App. LEXIS 32537 (Nov. 23, 2022) ........................................................................................................................................ 13

*D'Ambrosio v. Marino*, 747 F.3d 378 (6th Cir. 2014)................................................................. 13

*Daher v. Cuyahoga Community College Dist*., 8th Dist. Cuyahoga No. 109719, 2021-Ohio-2103 ........................................................................................................................................ 15

*Daubenmire v. City of Columbus,* 507 F.3d 383 (6th Cir.2007)................................................... 5

*DeShetler v. FCA US LLC*, N.D.Ohio No. 3:18 CV 78, 2018 U.S. Dist. LEXIS 203346 (Nov. 30, 2018)............................................................................................................................... 16

*District of Columbia v. Wesby*, 138 S. Ct. 577 (2018) ................................................................. 8

*Estate of Stanley v. Cuyahoga Cty*., N.D.Ohio No. 1:20cv2392, 2021 U.S. Dist. LEXIS 70849 (Apr. 13, 2021) ......................................................................................................................... 14

*Family Medicine of Stark Cty. v. Smart*, 5th Dist. Stark No. 2016CA00218, 2017-Ohio-5866 ... 14

*Glaze v. Cuyahoga Cty*., N.D.Ohio No. 1:19cv2969, 2020 U.S. Dist. LEXIS 166834, (Sep. 11, 2020).......................................................................................................................................... 16

*Gnezda v. City of N. Royalton*, 8th Dist. Cuyahoga No. 83268, 2004-Ohio-1678 ...................... 17

*Gregory v. Shelby County*, 220 F.3d 433 (6th Cir. 2000) ........................................................... 3

*Hahn v. Star Bank,* 190 F.3d 708 (6th Cir. 1999) ........................................................................ 7

*Haller v. Borror,* 10th Dist. No. 93APE12-1657, 1994 Ohio.App. LEXIS 2578 (June 14, 1994) 17

*Harris v. Cunix,* 10th Dist. Franklin No. 21AP-13, 2022-Ohio-839 ......................................... 17

*Harris v. United States,* 422 F.3d 322 (6th Cir. 2005) .................................................................. 5

*Houpt v. City of Cleveland*, N.D.Ohio No. 1:13cv1836, 2013 U.S. Dist. LEXIS 171615 (Dec. 5, 2013) ............................................................................................................................................. 13

*Howard v. City of Girard, Ohio*, 346 F. App'x 49 (6th Cir. 2010) ............................................ 11

Johnson v. City of Kentwood, 6th Cir. No. 20-1568, 2021 U.S. App. LEXIS 7518 (Mar. 15, 2021) ............................................................................................................................................... 6

*Lech v. Third Fed. S&L Ass'n,* S.D. Ohio No. 2:13cv518, 2014 U.S.Dist. LEXIS 199309 .......... 7

*Lee v. City of Upper Arlington*, 10th Dist. Franklin No. 03AP-132, 2003-Ohio-7157 ................ 14

*Littlepage v. Warden*, S.D.Ohio No. 1:16cv1005, 2020 U.S. Dist. LEXIS 122410 (July 13, 2020) ................................................................................................................................................. 8

*M.G. v. Young,* D.N.M. No. CV-13-23, 2015 U.S. Dist. LEXIS 193539 ..................................... 6

*M.J. DiCorpo, Inc. v. Sweeney*, 69 Ohio St.3d 497 (1994) ......................................................... 15

*Madrigal v. Bagley*, 276 F.Supp.2d 744 (N.D.Ohio 2003) .......................................................... 11

*Monell v. New York City Dep't of Social Service*, 436 U.S. 658 (1978) .................... 11, 12, 13, 14

*Moore v. WesBanco Bank, Inc.,* 612 F.App'x 816 (6th Cir. 2015) ............................................... 6

*Newman v. Univ. of Dayton*, 2d Dist. Montgomery No. 28815, 2021-Ohio-1609 ...................... 15

*Norgard v. Brush Wellman*, 95 Ohio St.3d 165, 2002-Ohio-2007 ............................................ 18

*Novak v. City of Parma,* 33 F.4th 296 (6th Cir. 2022). ........................................................... 4, 13

*Pearson v. Callahan*, 555 U.S. 223 (2009) ................................................................................... 9

*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) .................................................................. 12

*Pusey v. City of Youngstown*, 11 F.3d 652 (6th Cir. 1993) ......................................................... 10

*Rapp v. Dutcher,* 557 F.App'x 444 (6th Cir. 2014) ............................................................... 6, 10

*Read v. City of Fairview Park*, 146 Ohio App.3d 15, 19, 764 N.E.2d 1079 (8th Dist. 2001) .. 6, 17

*Reich v. City of Elizabethtown*, 945 F.3d 968 (6th Cir.2019) ...................................................... 8

*Rivas-Villegas v. Cortesluna*, 142 S.Ct. 4 (2021) ....................................................................... 9

*Roarty-Nugent v. Cuyahoga Cty.*, N.D.Ohio No. 1:20cv1025, 2020 U.S. Dist. LEXIS 168934 (Sep. 15, 2020) .............................................................................................................................. 16

*Robertson v. Lucas,* 753 F.3d 606 (6th Cir. 2014) .................................................................. 7, 10

*Sanders v. Cuyahoga Cty.*, N.D.Ohio No. 1:21cv1254, 2022 U.S. Dist. LEXIS 229052 (Dec. 20, 2022) .............................................................................................................................................. 19

*Shampine v. Ohio Dep't of Job & Family Services,* 10th Dist. Franklin No. 11AP-384, 2011-Ohio-6057 ....................................................................................................................................... 17

*Siler v. Webber*, 443 F. App'x 50 (6th Cir. 2011) ...................................................................... 13

*Smith v. Silvernail*, S.D.Ohio No. 2:22cv045, 2022 U.S. Dist. LEXIS 205521 ......................... 10

*Snow v. Nelson,* 634 F.App'x 151 (6th Cir. 2014) .................................................................. 7, 10

*State ex rel. Cty. of Cuyahoga v. Jones Lang Lasalle Great Lakes Co*., 8th Dist. Cuyahoga No. 104157, 2017-Ohio-7727 .............................................................................................................. 16

*Steinbrick v. Cleveland Elec. Illuminating Co*., 8th Dist. Cuyahoga No. 66035, 1994 Ohio App. LEXIS 3756 (Aug. 25, 1994) ........................................................................................................ 16

*Thomas v. City of Chattanooga*, 398 F.3d 426 (6th Cir. 2005) ................................................ 12, 13

*Tinney v. Richland Cty.*, N.D.Ohio No. 1:14cv703, 2015 U.S. Dist. LEXIS 16266 (Feb. 10, 2015) ........................................................................................................................................................... 8

*Tollett v. Henderson*, 411 U.S. 258 (1973 ............................................................................................ 4

*United States v. Bogle*, 6th Cir. No. 21-3746, 2023 U.S. App. LEXIS 323 (Jan. 5, 2023)............. 4

*United States v. Talbot*, 825 F.2d 991 (6th Cir. 1987) ..................................................................... 11

*Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669 (6th Cir. 2005)......................................... 6, 10

*Webb v. United States*, 789 F.3d 647 (6th Cir. 2015) ........................................................................ 4

*Weidman v. Hildebrant*, 12th Dist. Warren No. CA2021-09-084, 2022-Ohio-1708.................... 18

*WFG Natl. Title Ins. Co. v. Meehan*, 8th Dist. Cuyahoga No. 105677, 2018-Ohio-491 .............. 15

*White v. Pauly*, 137 S. Ct. 548 (2017)................................................................................................. 9

## Rules

Fed.R.Civ.P. 8 ....................................................................................................................................... 19

## Statutes

42 U.S.C. § 1983................................................................................................................................... 6

O.R.C. § 2305.11(A) ........................................................................................................................... 16

O.R.C. § 2744.04(A) ........................................................................................................................... 17

O.R.C. § 2921.03 ................................................................................................................................. 19

O.R.C. § 2921.13 ................................................................................................................................. 19

O.R.C. § 2921.45 ................................................................................................................................. 19

## I.     RELEVANT FACTUAL ALLEGATIONS

This case arises from a criminal prosecution for benefits fraud in 2011.  Gilreath is a former doctor in the United States Army Medical Corp.  (Cmplt, ECF# 1-2 at ¶ 7).  During the period relevant to the underlying prosecution, approximately 2010-2011, Gilreath received disability benefits from the United States Veteran Services Administration ("the VA").  *Id.* at ¶ 8. Gilreath also received Supplemental Nutrition Assistance Program ("SNAP") benefits, which are administered by the Cuyahoga County Division of Job and Family Services ("CCJFS").  *Id.*

In August 2011, the VA approved an increase in Gilreath's disability payments.  *Id.* at ¶ 9. As Gilreath appears to acknowledge, SNAP benefits are income-dependent and any increase in other income affects eligibility for SNAP payments.  *Id.* at ¶ 10.  Gilreath continued to accept SNAP payments "because he believed that the County was aware of the change in his VA benefits."  *Id.* at ¶ 11.

In 2011, McGuinea was employed as an investigator at CCJFS.  *Id.* at ¶ 11.  According to the Complaint, McGuinea told "law enforcement officials" that CCJFS had not been alerted to the increase in VA benefits and, as a result, Gilreath received approximately $6000 in SNAP benefits to which he was not entitled.  *Id.*  Based on McGuinea's report, the Cuyahoga County Prosecutor's Office ("CCPO") obtained an indictment.  *Id.* at ¶ 13.

According to Gilreath, CCPO typically pursue misdemeanor charges in cases of involving "such low dollar amounts."  *Id.* at ¶ 14.  However, in Gilreath's case, CCPO sought felony indictments and refused to reduce the charges to misdemeanors.  *Id.* at ¶¶ 15-16.  After consulting with his defense counsel, Gilreath pleaded guilty to one count of attempted grand theft, a felony.  *Id.* at ¶¶ 15-18.  Gilreath acknowledges that he pleaded guilty because he believed that he had, in fact, failed to notify CCJFS of the change in benefits.  *Id.* at ¶ 18.  As a

result of his plea, Gilreath was convicted, placed on probation and ordered to repay $5,711.00. *Id.* at ¶ 27.

Gilreath alleges that McGuinea and "the County" were in possession of documentation showing that he had timely notified CCJFS of the change in benefits.  *Id.* at ¶¶ 19-20.  However, "the County" never produced the documentation during the 2011-12 prosecution.  *Id.* at ¶ 20. Gilreath claims he would not have pleaded guilty if he was in possession of this documentation. *Id.* at ¶ 20.

Years later, another CCJFS investigator reviewed Gilreath's file and determined that his case "should have never been referred" to CCPO.  *Id.* at ¶ 31.  As a result of this review, CCPO moved to vacate Gilreath's conviction.  *Id.* at ¶ 32.  The state court granted this motion on March 25, 2021.  *Id.* at ¶ 33.

Gilreath filed the instant action in the Cuyahoga County Common Pleas Court on March 24 or 27, 2023 naming the McGuinea and the County.  Cmplt., ECF# 1-2.  The County filed a timely Notice of Removal to this Court on April 7, 2023.  Notice of Removal, ECF# 1. McGuinea filed a notice of consent to the removal on April 21, 2023.  ECF# 4.  This Court partially remanded this matter to state court to resolve Plaintiff's motion concerning the date he "filed" his Complaint.  ECF# 8.  The state court issued a journal entry on June 30 ruling that "Plaintiff's complaint is deemed filed on March 24, 2023.  See: ECF# 9-1.

Gilreath asserts three constitutional claims against both McGuinea and the County: malicious prosecution (Cmplt., ECF# 1-2 at ¶¶ 40-45); abuse of process (*Id.* at ¶¶ 46-48); and *Brady* violations (*Id.* at ¶¶ 49).  Gilreath also brings three claims against McGuinea under Ohio law alleging violations of separate criminal statutes.  (*Id.* at ¶¶ 53-63).

## II.     LAW AND ARGUMENT

### A.  Standard of Review: The Court must accept the truth of all factual allegations in the Complaint and determine whether it plausibly gives rise to claims for relief.

The Defendants move to dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P 12(b)(6). The standard of review is familiar: the Court must accept all allegations in the complaint as true and determine whether the allegations plausibly state a claim for relief.  *Berry v. United States Dep't of Labor,* 832 F.3d 627, 632 (6th Cir. 2016).  "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice*." Bright v. Gallia Cty*., 753 F.3d 639, 652 (6th Cir. 2014).

Although a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555 (2007); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). A court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations.  *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

This Court must determine whether the complaint has "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. 555 at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B.  Gilreath does not allege a constitutional violation against either Defendant.

#### 1.  Gilreath does not adequately plead facts supporting his constitutional malicious prosecution claim.

To plead a constitutional claim based on malicious prosecution, Gilreath must allege facts suggesting: 1) McGuinea made, influenced, or participated in the decision to prosecute; 2) there was no probable cause for the prosecution; 3) Gilreath suffered a deprivation of liberty apart

from the initial arrest; and 4) the criminal proceeding was resolved in his favor. *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015). Gilreath's complaint shows that he cannot establish the first two elements of his malicious prosecution claim.

### a. CCPO's independent decision to prosecute, and Gilreath's guilty plea, break the chain of causation attributable to McGuinea.

The issue of whether McGuinea made or participated in the decision to prosecute Gilreath turns on "traditional tort causation" principles. *Novak v. City of Parma,* 33 F.4th 296, 307 (6th Cir. 2022).

As alleged in the Complaint, CCPO decided to seek and pursue felony charges. (Cmplt., ECF# 1-2 at ¶¶12-16). A prosecutor's independent charging decision typically breaks the causal chain for malicious-prosecution purposes, unless Plaintiff alleges facts suggesting that McGuinea said or did something to mislead the prosecutors. *Novak,* 33 F.4th at 307. Here, Gilreath makes no allegation that McGuinea provided intentionally false information to CCPO.

Similarly, Gilreath pled guilty in 2011:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*United States v. Bogle*, 6th Cir. No. 21-3746, 2023 U.S. App. LEXIS 323, at *6 (Jan. 5, 2023), quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Gilreath does not allege that he was coerced or threatened before entering his guilty plea. Indeed, Gilreath acknowledged that, after consultation with counsel, he entered his guilty plea as the "least-worse option" because he was not certain whether he had properly reported the increase in VA benefits. (Cmplt., ECF# 1-2 at ¶¶18, 26).

CCPO's independent charging decision, as well as Gilreath's own guilty plea, break any causation chain initiated by McGuinea.

**b.  A grand jury indictment and Gilreath's guilty plea conclusively establish probable cause.**

A Cuyahoga County grand jury indicted Gilreath in 2011.  (Cmplt., ECF# 1-2 at ¶ 15). "The finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 398 (6th Cir.2016)**,** citing *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006).  While the presumption created by an indictment can be overcome by showing that the defendant presented intentionally false testimony before the grand jury, a "[b]are…declaration of impropriety does not equate to an allegation that the grand-jury proceedings were 'significantly irregular' or that the indictment resulted from perjured testimony."  *Id.,* citing *Harris v. United States,* 422 F.3d 322, 327 (6th Cir. 2005).

Here, Gilreath alleges that "[CCPO] sought and obtained an indictment in felony charges…"  (Cmplt., ECF# 1-2 at ¶ 15).  The Complaint is completely devoid of any allegation of impropriety associated with proceedings before the grand jury.  The presumption created by the indictment stands and Gilreath's malicious prosecution claim must be dismissed.

By pleading guilty, Gilreath also admitted that there was probable cause that he had committed the crimes for which he was charged:

> Finally, as a matter of common sense, by pleading guilty [Gilreath] forfeited his chance to dispute the existence of probable cause for his prosecution. **** [Gilreath] may not on one day admit he did the things he is charged with, and then on a later date claim that it was malicious to charge him with doing the things he admitted he did.

*Bontkowski v. United States,* 28 F.3d 36, 37-38 (7th Cir. 1994) (dismissing a malicious prosecution claim after a guilty plea).  See also:  *Daubenmire v. City of Columbus,* 507 F.3d 383, 390 (6th Cir. 2007) (guilty pleas estopped plaintiffs are estopped from challenging whether

probable cause supported their arrest); Johnson v. City of Kentwood, 6th Cir. No. 20-1568, 2021 U.S. App. LEXIS 7518, at *9 (Mar. 15, 2021) ("Johnson's guilty plea to trespass estops him from now challenging whether the defendants lacked probable cause to arrest and prosecute him for his actions"); *M.G. v. Young,* D.N.M. No. CV-13-23, 2015 U.S. Dist. LEXIS 193539 at *9 ("[t]he idea that exculpatory evidence may negate a finding of probable cause does not change the fact that Plaintiffs entered guilty pleas").

### 2. The Sixth Circuit does not recognize a constitutional claim for abuse of process.

"Claim 3" of Gilreath's complaint asserts a constitutional claim for "abuse of process".

The Sixth Circuit has "consistently declined to recognize an abuse-of-process claim under 42 U.S.C. § 1983." *Moore v. WesBanco Bank, Inc.,* 612 F.App'x 816, 823 (6th Cir. 2015), citing *Rapp v. Dutcher,* 557 F.App'x 444, 448 (6th Cir. 2014); *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 676 (6th Cir. 2005). Thus, Gilreath's claim for abuse of process "can be easily disposed of." *Moore,* 612 F.App'x at 823

Even if this Court were inclined to be the first to recognize constitutional "abuse of process" claim mirroring Ohio's state-law tort,[1] Gilreath's allegations are conclusory. The Ohio tort has three elements: "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." *Bickerstaff v. Lucarelli,* 830 F.3d 388, 399-400 (6th Cir. 2016) citing *Voyticky*, 412 F.3d at 677. An abuse of process claim cannot survive a motion to dismiss when it is supported "by only conclusory allegations regarding the defendants' ulterior motive with no

---

[1] Any attempt to repackage Gilreath's "abuse of process" claim under Ohio law would be futile for two additional reasons: 1) Defendants are entitled to state-law immunity under O.R.C. § 2744.01 *et seq. Moore,* 612 F.App'x at 824; and 2) is barred by a two-year statute of limitations, which accrued (at latest) in 2012. *Read v. City of Fairview Park*, 146 Ohio App.3d 15, 19, 764 N.E.2d 1079 (8th Dist. 2001).

facts to support those contentions." *Bickerstaff,* 830 F.3d at 400, quoting *Hahn v. Star Bank,* 190 F.3d 708, 718 (6th Cir. 1999).

Here, Gilreath's complaint does not contain any factual allegations about why McGuinea or anyone else was motivated to "harass and oppress" him (Cmplt., ECF# 1-2 at ¶ 48) for any reason other than to pursue a criminal prosecution.  These allegations are conclusory and "there is no liability [for state-law abuse of process] where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Lech v. Third Fed. S&L Ass'n,* S.D. Ohio No. 2:13cv518, 2014 U.S.Dist. LEXIS 199309 at **8-9, quoting *Hahn,* 190 F.3d at 718.

Gilreath's constitutional "abuse of process" claim must be dismissed.

### 3. Gilreath did not have a constitutional right to exculpatory Brady material prior to pleading guilty.

Gilreath was convicted of a single count of Attempted Grand Theft after pleading guilty. Cmplt., ECF# 1-2 at ¶¶ 16-18.  Gilreath asserts a constitutional claim against McGuinea and the County for failing to produce allegedly exculpatory evidence under *Brady v. Maryland,* 373 U.S. 83 (1963).  Cmplt., ECF# 1-2 at ¶¶ 16-18.

The Sixth Circuit has never recognized a right to *Brady* material prior to plea bargaining. *Snow v. Nelson,* 634 F.App'x 151, 156 (6th Cir. 2014), citing *Robertson v. Lucas,* 753 F.3d 606, 621 (6th Cir. 2014).  This is because the general principles announced in *Brady* apply to a complete failure to disclose exculpatory material before trial, not a tardy failure to disclose. *Robertson,* 753 F.3d at 621.  A *Brady* violation does not render a plea "involuntary" when the factual basis is otherwise established in the record.  *Id.,* citing *Campbell v. Marshall,* 769 F.2d 314, 323-24 (6th Cir. 1985).

Here, Gilreath alleges that he pleaded guilty because he "believed that he had failed to alert the County of the change [in his VA benefits]."  Cmplt., ECF# 1-2 at ¶ 17.  That is, Gilreath appears to acknowledge that he pleaded guilty in 2012 because he believed that he was guilty. See, e.g., *Tinney v. Richland Cty*., N.D.Ohio No. 1:14cv703, 2015 U.S. Dist. LEXIS 16266 at *20 (Feb. 10, 2015) (no constitutional civil claim for *Brady* violation when guilty plea was otherwise supported by the record at the plea proceedings); *Littlepage v. Warden*, S.D.Ohio No. 1:16cv1005, 2020 U.S. Dist. LEXIS 122410 at *6 (July 13, 2020) (same).

Gilreath had no constitutional right to *Brady* material prior to plea bargaining.  As such, his civil claim under § 1983 founded on a *Brady* violation must be dismissed.

### C.  McGuinea is entitled to qualified immunity on Gilreath's constitutional claims.

Gilreath sues McGuinea in her individual capacity.  From the face of the Complaint, McGuinea is entitled to qualified immunity with respect to Gilreath's constitutional claims.

"Qualified immunity protects government officials from civil damages unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established' at the time."  *Reich v. City of Elizabethtown*, 945 F.3d 968, 977-978 (6th Cir.2019) citing *District of Columbia v. Wesby*, 138 S. Ct. 577, 589, (2018).  This doctrine "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Id*. citing *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009) (citation omitted). Moreover, at the pleading stage, the Court must "'determine whether the facts alleged make out a violation of a constitutional right' and also 'ask whether the right at issue was clearly established when the event occurred so that a reasonable officer would have known that his conduct violated it.'" *Crawford v. Tilley*, 15 F. 4th 752. 762-763 (6th Cir. 2021),

quoting *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). The Court may answer these questions in any order.  *Id*.

As noted above, Gilreath has failed to plausibly allege that McGuinea (or anyone else) committed a constitutional violation.  As such, McGuinea is entitled to qualified immunity. *Crawford*, 15 F. 4th at 767.

Gilreath's Complaint also does not get over the "clearly established" hurdle.  Generally, the plaintiff must identify a prior case with a similar fact pattern to defeat a motion to dismiss based on qualified immunity.  *Arrington-Bey v. City of Bedford Hts*., 858 F.3d 988, 993 (6th Cir.2017); *White v. Pauly*, 137 S. Ct. 548, 552 (2017).  The Supreme Court has recently reinforced the principle that the prior decision(s) cannot define the "clearly established" right at a high level of generality, but must closely match the legal and factual issues presented.  *City of Tahlequah v. Bond*, 142 S.Ct. 9, 12 (2021); *Rivas-Villegas v. Cortesluna*, 142 S.Ct. 4, 8 (2021).

Gilreath has not identified a factually similar case in which a JFS investigator such as McGuinea was held to be liable under a malicious prosecution theory when she turned over incorrect information to prosecutors, or even deliberately withheld exculpatory evidence, sufficient to place McGuinea on notice that she may violate clearly established constitutional law.  Gilreath has certainly not identified a case where any government official has been held to violate the constitution when the Plaintiff pleaded guilty to the criminal offense charged.  As such, Gilreath's malicious prosecution claim fails the "clearly-established" test and McGuinea is entitled to qualified immunity.

Qualified immunity for Gilreath's Abuse of Process and *Brady* claim are even more straightforward.  McGuinea's participation in this case ended, at latest, at the time of Gilreath's initial conviction in 2012.  As noted above, the Sixth Circuit has explicitly <u>declined</u> to recognize

9

constitutional claims for abuse of process and *Brady* violations prior to plea bargaining as late as 2014. *Rapp,* 557 F.App'x at 448 (6th Cir. 2014) citing *Voyticky v. Vill. of Timberlake, Ohio,* 412 F.3d 669, 676 (6th Cir. 2005 (abuse of process); *Snow v. Nelson,* 634 F.App'x 151, 156 (6th Cir. 2014), citing *Robertson v. Lucas,* 753 F.3d 606, 621 (6th Cir. 2014) (*Brady* violations prior to plea bargaining). Indeed, the *Rapp, Snow, Robertson* courts all recognized that individual defendants were entitled to qualified immunity based on the "clearly established" prong. This Court must likewise reach the same conclusion.

### D.  Gilreath has failed to plead facts supporting Monell liability against Cuyahoga County.

#### 1.  The County is entitled to absolute immunity under Eleventh Amendment for decisions made while prosecuting Gilreath.

In addition to allegations related to McGuinea's investigation, Gilreath complains about decisions made by CCPO during the 2011-2012 prosecution: prosecuting Gilreath on felony charges and declining to accept a reduced plea to misdemeanor charges, as well as an alleged failure to produce exculpatory evidence. Cmplt., ECF# 1-2 at ¶¶ 14-19, 21-24. CCPO and "the County" are entitled to absolute immunity under the Eleventh Amendment for actions taken during the course criminal prosecution.

In Ohio, felony charges are prosecuted on behalf of the state. *Andrews v. City of Cleveland,* N.D. Ohio No. 1:22cv250, 2023 U.S.Dist. LEXIS 49871 at **14-15 (March 23, 2023), citing *Cady v. Arenac Cty.,* 574 F.3d 334, 345 (6th Cir. 2009). Ohio prosecutors, and the counties that employ them, are entitled to immunity under the Eleventh Amendment for actions taken when prosecuting criminal charges on behalf of the State of Ohio. *Id.; Smith v. Silvernail*, S.D.Ohio No. 2:22cv045, 2022 U.S. Dist. LEXIS 205521 at *11 (Nov. 10, 2022, citing *Pusey v. City of Youngstown*, 11 F.3d 652, 657-58 (6th Cir. 1993). This Eleventh Amendment immunity

extends to *Brady* violations committed by prosecutors.  *Andrews,* 2023 U.S.Dist. LEXIS 49871 at **14-15.  And the Sixth Circuit has long held that prosecutorial discretion in making charging decisions is an inherent part of the criminal justice system.  *Madrigal v. Bagley*, 276 F.Supp.2d 744, 805 (N.D.Ohio 2003), citing *United States v. Talbot,* 825 F.2d 991, 999 (6th Cir. 1987).

Gilreath's constitutional claims against the County fail due to Eleventh Amendment immunity to the extent that Gilreath seeks to impose liability because he believes that he was overcharged or because he alleges that CCPO committed *Brady* violations during the 2011-2012 prosecution.

### 2.  Gilreath's remaining Monell allegations against the County are conclusory.

It is well settled that a municipality, such as Cuyahoga County, cannot be held liable for the unconstitutional acts of its employees under a theory of *respondeat superior*. *See Monell v. New York City Dep't of Social Service*, 436 U.S. 658, 694 (1978). Instead, a government entity is "liable under § 1983 only where the [government entity] itself causes the constitutional violation at issue." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (emphasis in the original). To prevail on a claim against the government under § 1983, a plaintiff must prove both the deprivation of a constitutional right and the county's responsibility for that violation. *See Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2010)(citation omitted).  Under *Monell,* a plaintiff seeking to subject a municipality to §1983 liability must "identify a [governmental] 'policy' or 'custom' that caused the plaintiff's injury." *Board of Cty. Comm'rs of Bryan County* v. *Brown*, 520 U.S. 397, 403 (1997).

As noted in Section II.B, above, Gilreath has failed to adequately plead facts supporting any constitutional deprivation.  The allegations in the complaint purporting to implicate municipal liability under *Monell* also fall well short.

The Sixth Circuit has recognized four avenues by which a plaintiff can prove a municipality's policy or custom: (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

Gilreath's complaint contains exactly three paragraphs purporting to impose *Monell* liability on the County based on either "ratification" or "training/ supervision" theories.  Cmplt., ECF# 1-2 at ¶¶ 37-39.  On both accounts, Gilreath's complaint is conclusory.

### c.  Gilreath does not adequately plead a ratification theory.

Gilreath alleges that his referral for prosecution was "approved not only by Defendant McGuinea but by management at Cuyahoga County Job and Family Services, which constituted a ratification of that referral." *Id.* at ¶ 38.  This allegation epitomizes the kind of threadbare recitation that cannot survive a motion to dismiss under *Twombly.*  The Complaint contains absolutely no details about who, when or under what circumstances this alleged ratification occurred.

To proceed under a "ratification" theory, Gilreath must plead facts suggesting that someone at CCJFS made a "deliberate choice to follow a course of action … from among various alternatives by the official… responsible for establishing final policy with respect to the subject matter in question." *Burgess v. Fischer*, 735 F.3d 462, 479 (6th Cir.2013), citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-84 (1986).  Moreover, the decision-maker's ratification must be "the moving force" behind the violation.  *Id.*

Other than this single conclusory paragraph, the Complaint does not contain any allegations about anyone at CCDFS other than McGuinea.  This is not sufficient to proceed

under a ratification theory. *Cretacci v. Hare*, 6th Cir. Nos. 21-5786, 21-5833, 2022 U.S. App. LEXIS 32537 at *21 (Nov. 23, 2022), citing *Brown v. Chapman*, 814 F.3d 447, 462 (6th Cir. 2016) (claim fails when plaintiff does not name a decision-maker, but claims that the "department" as a whole ratified an unconstitutional act).

From the face of the Complaint, unnamed "management" at CCJFS did not make the final decision to prosecute Gilreath.  At least three events intervened: 1) an independent charging decision by CCPO prosecutors 2) a grand jury indictment; and 3) Gilreath's own guilty plea. Cmplt., ECF# 1-2 at ¶¶ 14-18.  Any one of these events breaks the chain of causation from any decision made by unnamed CCJFS management.  *Novak*, 33 F.4th at 309.  Gilreath does not plead any facts suggesting that a sign-off from unnamed CCJFS managers constituted the final decision to prosecute him.

### d.  Gilreath's allegations about his own case are not sufficient to support a "training" or "supervision" claim.

Both "failure to train" and "tolerance" theories require allegations of "deliberate indifference" by the municipality.  *Thomas*, 398 F.3d 429 (tolerance); *Siler v. Webber*, 443 F. App'x 50, 54 (6th Cir. 2011), quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (training).  A plaintiff must generally plead a pattern of prior similar violations to proceed under "training" or "supervision" theories.

A Complaint cannot survive a motion to dismiss without non-conclusory factual allegations supporting a pattern of prior constitutional violations sufficient to place the municipality on notice of a problem.  *D'Ambrosio v. Marino*, 747 F.3d 378, 387 (6th Cir. 2014). This is particularly true, when as here, the Complaint is devoid of <u>any</u> factual allegations unrelated to Plaintiff's own situation. *Houpt v. City of Cleveland*, N.D.Ohio No. 1:13cv1836, 2013 U.S. Dist. LEXIS 171615, at *6 (Dec. 5, 2013) (collecting cases in which *Monell* claims

13

were dismissed for failing to allege a pattern of prior similar incidents); *Estate of Stanley v. Cuyahoga Cty.*, N.D.Ohio No. 1:20cv2392, 2021 U.S. Dist. LEXIS 70849 at *9 (Apr. 13, 2021) (dismissing *Monell* claim that was "merely a word-for-word recitation of the elements of a legal claim bereft of any supporting detail").

Gilreath's Complaint does not discuss similar prior incidents, or indeed any factual allegations at all, sufficient to proceed under a failure to train or supervise theory under *Monell*.

### E. Gilreath's state-law claims against McGuinea must be dismissed.

In addition to constitutional claims, Gilreath seeks to hold McGuinea liable under three Ohio criminal statutes: "Intimidation" (Cmplt., ECF# 1-2 at ¶¶ 53-55); "Falsification" (*Id.* at ¶¶ 56-58); and "Interference with Civil Rights" (*Id.* at ¶¶ 59-61). These claims are time-barred and conclusory. Moreover, they are all premised on McGuinea's statements to CCPO prosecutors, which are entitled to absolute immunity under Ohio law.[2]

> #### 1. McGuinea's statements to CCPO during the original prosecution are privileged and entitled to absolute immunity under Ohio law.

Gilreath's "Intimidation," "False Statements," and "Interference with Civil Rights" claims are premised on information that McGuinea supplied to CCPO as part of his criminal prosecution in 2011. (Cmplt., ECF# 1-2 at ¶¶12-14).

---

[2] At one point in his Complaint, Gilreath alleges that McGuinea reported him to "law-enforcement officials." (Cmplt., ECF# 1-2 at ¶ 12. The remainder of the Complaint speaks only on CCPO. To the extent that Gilreath is attempting to plead himself around absolute immunity by referring to generic "law-enforcement officials," such an attempt would be: 1) conclusory because the Complaint lacks any factual allegations suggesting that other officials were involved; 2) irreverent because the majority of Ohio appellate courts hold that absolute immunity attaches to statements to police as well as prosecutors (*Family Medicine of Stark Cty. v. Smart*, 5th Dist. Stark No. 2016CA00218, 2017-Ohio-5866 at ¶ 30; *Lee v. City of Upper Arlington*, 10th Dist. Franklin No. 03AP-132, 2003-Ohio-7157 at ¶ 19); and 3) arguably sanctionable because Gilreath has received responses to multiple public records requests from the County and others and lacks a good-faith belief that "law-enforcement officials" other than CCPO were involved.

Statements made during judicial proceedings reporting suspected criminal activity to prosecutors are subject to the "litigation privilege" and protected by absolute immunity under Ohio law if they bear some reasonable relationship to the activity reported. *M.J. DiCorpo, Inc. v. Sweeney*, 69 Ohio St.3d 497, syllabus (1994). "The absolute privilege or 'immunity' for statements made in a judicial proceeding extends to every step in the proceeding, from beginning to end." *WFG Natl. Title Ins. Co. v. Meehan*, 8th Dist. Cuyahoga No. 105677, 2018-Ohio-491 at ¶ 14, citing *M.J. DiCorpo, Inc.* 69 Ohio St.3d 506. The litigation privilege applies to even to statements "made in bad faith, with knowledge of their falsity and with actual malice." *Daher v. Cuyahoga Community College Dist.*, 8th Dist. Cuyahoga No. 109719, 2021-Ohio-2103 at ¶ 15, citing *Barnes v. Beachwood*, 8th Dist. Cuyahoga No. 87100, 2006-Ohio-3948 at ¶ 17.

The litigation privilege bars any state-law claims related to protected statements, including the statutory "civil liability for criminal acts" claims asserted in Gilreath's complaint. *Daher,* 2021-Ohio-2103 at ¶ 26, citing *Newman v. Univ. of Dayton*, 2d Dist. Montgomery No. 28815, 2021-Ohio-1609 at ¶ 44.

## 2. Gilreath's state-law claims are time-barred.

According to the Complaint, Gilreath was prosecuted in 2011-2012 and made his final restitution payment in January 2013, over a decade ago. (Cmplt., ECF# 1-2 at ¶¶ 8-12, 28). The Complaint does not allege that McGuinea did anything after the original prosecution concluded. The latest date identified in the Complaint is March 25, 2021, when an Ohio state court vacated Gilreath's conviction. (*Id.* at ¶ 33). Gilreath originally filed this action in the Cuyahoga County Court of Common Pleas on March 24 or March 27, 2023.[3]

---

[3] Defendants do not concede that the state court properly concluded that Gilreath's complaint was filed on March 24, 2023. Defendants respectfully preserve their right to argue later in this proceeding or on appeal that the correct filing date is March 27.

While dismissal based on the statute of limitations is normally "inappropriate" at the pleadings stage, a claim must be dismissed if "the allegations in the complaint affirmatively show that the claim is time-barred." *DeShetler v. FCA US LLC*, N.D.Ohio No. 3:18 CV 78, 2018 U.S. Dist. LEXIS 203346, at *17 (Nov. 30, 2018), citing *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

There is no plausible Ohio statute of limitations that reaches back to Gilreath's original prosecution in 2011-2012.  In order to be timely, the statute of limitations must: 1) be at least two years long; and 2) run from March 25, 2021.  From the face of the Complaint, neither is true.

### a. Gilreath's state-law claims are barred under a one-year statute of limitations.

Gilreath's only-state law claims seek to hold McGuinea civilly liable based on Ohio criminal statutes.  The majority of Ohio state and federal courts, including Ohio's Eighth District Court of Appeals and at least three cases in the Northern District, hold that these claims contemplate a penalty, therefore it is subject to the one-year statute of limitations in O.R.C. § 2305.11(A).  *State ex rel. Cty. of Cuyahoga v. Jones Lang Lasalle Great Lakes Co.*, 8th Dist. Cuyahoga No. 104157, 2017-Ohio-7727, ¶ 131, citing *Steinbrick v. Cleveland Elec. Illuminating Co.*, 8th Dist. Cuyahoga No. 66035, 1994 Ohio App. LEXIS 3756, *5 (Aug. 25, 1994); *Roarty-Nugent v. Cuyahoga Cty.*, N.D.Ohio No. 1:20cv1025, 2020 U.S. Dist. LEXIS 168934 at *18 (Sep. 15, 2020); *Marquardt v. Carlton*, N.D.Ohio No. 1:18cv333, 2019 U.S. Dist. LEXIS 58402 at *6 (Apr. 2, 2019); *Glaze v. Cuyahoga Cty.*, N.D.Ohio No. 1:19cv2969, 2020 U.S. Dist. LEXIS 166834, at *10 (Sep. 11, 2020).

The one-year statute of limitations for Gilreath's claims expired on March 25, 2022 at the latest.

### b. Gilreath's state-law claims are barred under a two-year statute of limitations.

Defendants are aware of a single Ohio appellate decision holding that actions between private parties seeking to impose civil liability based on criminal statute are generally subject to a six-year statute of limitations. *Harris v. Cunix,* 10th Dist. Franklin No. 21AP-13, 2022-Ohio-839. However, Ohio's statute of limitations for suing political subdivisions and their employees on <u>any</u> claim is no more than two years. O.R.C. § 2744.04(A); *Gnezda v. City of N. Royalton*, 8th Dist. Cuyahoga No. 83268, 2004-Ohio-1678 ¶ 15. Gilreath's claims against McGuinea for decade-old conduct are time-barred under a two-year statute of limitations for at least three reasons.

<u>First</u>, a cause of action arising out of allegedly false statements during this type of criminal proceeding accrues at the time that the statements were made. *Shampine v. Ohio Dep't of Job & Family Services,* 10th Dist. Franklin No. 11AP-384, 2011-Ohio-6057 at ¶¶ 8-12. The Plaintiff in *Shampine* alleged that a JFS employee "falsely accused her of owing money" during a criminal prosecution over a decade prior to suing. *Id.* at ¶ 2. Ohio's Tenth District Court of Appeals held that a defamation claim accrues at the time of the original prosecution. *Id.* at ¶ 8-12. This Court should reach the same result.

<u>Second</u>, Gilreath claims for "Intimidation," "Falsification" and "Interference with Civil Rights" do not turn the continuing validity of his conviction. That is, unlike a malicious prosecution claim, the "termination of the prosecution in favor of the accused" is not an essential element of these claims and is irrelevant for determining the date on which the statute of limitations began to run. *Read,* 146 Ohio App.3d at 19, citing *Haller v. Borror,* 10th Dist. No. 93APE12-1657, 1994 Ohio.App. LEXIS 2578 at **3-6 (June 14, 1994)*; accord Covender v. State*, 9th Dist. Lorain No. 21CA011780, 2023-Ohio-172 at ¶¶ 11 (distinguishing a statutory

wrongful conviction claim, which turns on the validity of underlying conviction, and tort claims that do not). The date on which Gilreath's conviction was vacated is irrelevant to triggering the statute of limitations for his state-law claims against McGuinea.

Third, Ohio's "discovery rule" cannot save Gilreath's claims. The "discovery rule" is an exception to the general rule that a cause of action accrues at the time the wrongful act was committed. *Weidman v. Hildebrant*, 12th Dist. Warren No. CA2021-09-084, 2022-Ohio-1708 at ¶ 20. If the rule applies, the statute of limitations is tolled until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, that he or she was injured by the wrongful conduct of the defendant." *Id.,* citing *Norgard v. Brush Wellman*, 95 Ohio St.3d 165, 2002-Ohio-2007 at ¶ 8.

As an initial matter, no Ohio court appears to have applied the discovery rule to claims seeking to impose civil liability for criminal acts. And Ohio courts have repeatedly held that the rule does <u>not</u> apply to libel, defamation and other claims alleging (as here) harm flowing from allegedly false statements. *Weidman,* 2022-Ohio-1708 at ¶ 21 (collecting authority). Ohio's discovery rule is not applicable to Gilreath's claims.

Moreover, from the face of Gilreath's Complaint, he was indisputably aware of his potential claims (at latest) on January 27, 2021,[4] when CCPO sent him a letter "informing him that the Conviction Integrity Unit had reviewed his conviction." (Cmplt., ECF# 1-2 at ¶ 29). Worse, Gilreath has not pled any facts suggesting that he could not have discovered McGuinea's alleged misconduct at any point between 2012 and the date that he filed his Complaint.

Gilreath's claims are time-barred under any conceivable statute of limitations.

---

[4] Approximately two years and two months before he filed his Complaint.

### 3.  Gilreath's state-law claims are conclusory.

On the merits, Gilreath's state-law claims fail under Fed.R.Civ.P. 8 and *Iqbal/Twombly*. Gilreath improperly "simply lists [three] different criminal offenses and makes the conclusory allegation that [McGuinea] has civil liability for these criminal acts." *Mayer v. Cuyahoga Cty,* N.D. Ohio No. 1:19cv2620, 2021 U.S.Dist. LEXIS 9519 at **16-17 (Jan. 19, 2021).  Instead, Gilreath must plead specific facts to establish the essential elements of these claims. *Id.*

Gilreath does not identity any threat or "false writing" that McGuinea presented to anyone sufficient to sustain his Intimidation claim under O.R.C. § 2921.03.  The facts pleaded in the Complaint are not sufficient to suggest that McGuinea "knowingly" intimidated any public official into doing anything, or even to identify any such public official.

Similarly, Gilreath fails to identify any false statement to support his "Falsification" claim under O.R.C. § 2921.13.  Gilreath does not say when McGuinea allegedly made this statement, to whom and why she "knew" it to be false.

Finally, as noted above, Gilreath does not plead that McGuinea subjected him to any constitutional deprivation, much less that she "knowingly" did so.  As such, Gilreath's claim under O.R.C. § 2921.45 must be dismissed. *Sanders v. Cuyahoga Cty*., N.D.Ohio No. 1:21cv1254, 2022 U.S. Dist. LEXIS 229052 at *12-13 (Dec. 20, 2022).

### III.  <u>CONCLUSION</u>

For the foregoing reasons each of Gilreath's claims against McGuinea and the County must be dismissed.  In the alternative, McGuinea is entitled to absolute and/or qualified immunity with respect to the claims asserted against her.

## <u>LOCAL RULE 7.1(f) CERTICATION</u>

Pursuant to N.D. Ohio L.R. 7.1(h), this case has not yet been assigned to any track.  This dispositive motion is no more than twenty (20) pages in length.


By:  <u>/s/ *Michael J. Stewart*    </u>
Michael J. Stewart (0081225)